CASE 95—PETITION ORDINARY—MAY 15.

## Hardwick v. Kean, Receiver.

APPEAL FROM POWELL COURT OF COMMON. PLEAS.

95 563
d101 713

1. THE STATUTE OF THE UNITED STATES AS TO THE REMOVAL OF CAUSES FROM STATE COURTS to the Circuit Court of the United States does not in terms require any other proof of a fact stated as a cause for removal than affidavit of the party applying or his attorney. In this case, however, no question can arise about sufficiency of the proof, because the statement of the essential fact in the petition for removal not being controverted was properly accepted by the court as true.

2. SAME—AMENDED PETITION.—The defendant, having filed his petition for removal at the proper time, had the right, before plaintiff had taken any other step in the case, to file an amended petition setting up an additional cause for removal.

·3. SAME—A SUIT AGAINST A RECEIVER OF A RAILROAD COMPANY, appointed by judgment of the Circuit Court of the United States, to recover damages resulting from alleged improper construction and operation of the road upon plaintiff's land, is a suit "arising under the Constitution and laws of the United States" and subject to removal from a State court to Circuit Court of the United States.

C. B. HANCOCK AND HAGGARD, BENTON & SPENCER FOR APPELLANT.

1. An order transferring a case from a State to a Federal court is a final order from which an appeal lies. (Mercer, &c., v. Glass' Ex'or, 89 Ky., 199; Hall & Long v. Ricketts, 9 Bush, 370; Akerley v. Vilas, 24 Wis., 165.

2. To effect a removal, there must be some proof of citizenship in another State. The mere assertion of the party seeking the removal is not sufficient. (Eastin v. Rucker, 1 J. J. Mar., 332.)

   As the petition for removal is verified only by attorney, which is not authorized by law, the pleading amounts to nothing more than the mere verbal assertion of the attorney that appellee is a citizen of New Jersey.

3. This cause does not come within the act of Congress providing for the removal of cases when the controversy is between citizens of different States. The receiver is not only not the representative of either party to the action, but his possession and control are, in a measure, hostile to the claims of all parties. (Bishop's Equity, p. 606; 3 Pomeroy's Equity, sec. 1330; High on Receivers, secs. 1, 239; Booth v. Clark, 17 How., 322.)

4. There is no authority for the filing of an amended petition for removal.
5. The record shows that this suit is not one " which arises under the Constitution and laws of the United States."

HUMPHREY & DAVIE AND ARTHUR CAREY FOR APPELLEE.

1. The fact that appellee was a citizen of another State, entitled him to a removal of the cause, although the action was against him as a fiduciary. (Rice v. Houston, 13 Wall., 66–68.)
2. The action against appellee as receiver under appointment by the United States Court brings the case within the statutory requirements for removal of cases arising under the Constitution and laws of the United States. (Gen. Stats. (Ky.), p. 44a–44d; Texas, &c., R. Co. v. Ida May Cox, 145 U. S., 593.)
3. A State court can not inquire into the truth of the allegations of a petition for removal of a cause to the United States Court. It must determine the question upon the sufficiency of the petition and bond. (Kansas City, &c., R. Co. v. Daughtry, 138 U. S., 298 )

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action instituted in Powell Circuit Court by J. R. Hardwick against Hamilton F. Kean, receiver of the Kentucky Union Railway Company, to recover damages resulting from alleged improper construction and operation of the road upon plaintiff's land.

At the time fixed by the Civil Code for defendant to answer, he filed his petition for removal of the cause from Powell Circuit Court to Circuit Court of the United States for the district of Kentucky, upon the ground he was and is a citizen of the State of New Jersey. And in an amended petition, filed same day, it was stated, as an additional ground for removal, that the action is one which arises under the Constitution and laws of the United States.

The bond required in such case having been filed, the lower court made an order for removal as applied for by defendant. Counsel urge as objection to the order that the cause for removal, stated in the original petition, was

not proved, and that it was error to permit the amended
petition to be filed at all. The fact relied on was stated
in the petition, verified by defendant's attorney as author-
ized by section 117, Civil Code, to be done in case the
party be absent from the county.

The statute of the United States on that subject does
not, in terms, require any other or further proof of a fact
stated as a cause for removal of an action from a State
court to Circuit Court of the United States than affidavit
of the party applying, or his attorney. In this case, how-
ever, no question can arise about sufficiency of the proof,
because the statement of the essential fact in the petition
for removal not being controverted, was properly accepted
by the court as true.

We do not see why defendant could not file his amended
petition, as was done, before plaintiff had interposed any
other pleading or taken any other steps in the case than
to simply file his petition. And as it would have, any-
how, been in discretion of the court to permit the amended
pleading filed at the time it was done, it was not error
to treat it as properly filed.

It appears from the record that defendant was appointed
receiver by judgment of the Circuit Court of the United
States, and, therefore, as held by the Supreme Court, such
action against him as this is in meaning of section 2,
article 3, Constitution of United States, a suit "arising
under the Constitution and laws of the United States,"
and subject to removal from a State court to Circuit Court
of the United States. (Buck v. Colbath, 3 Wall., 334;
Feibelman v. Packard, 109 U. S., 421; Rock v. Perkins,
139 U. S., 628; Texas & Pacific R. Co. v. Cox, 145 U.
S., 593.)

In our opinion, without deciding whether sufficient cause for removal was stated in original petition, there was, according to the cases cited, unquestionably sufficient cause in the amended petition, and the lower court had no other alternative but to transfer the case.

Judgment affirmed.