## Bentley v. Letcher County, et al.

(Decided May 11, 1911.)

## Appeal from Letcher Circuit Court.

County Clerks—General Alphabetical Cross Index—Duty—Section 513 of Kentucky Statutes—Under section 513 Kentucky Statutes it is the duty of the County Court Clerk to keep a general alphabetical cross index of all instruments lodged for record in his office.

DISHMAN & DISHMAN and IRA FIELDS for appellant.

R. MONROE FIELDS, for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves the construction of section 513, of the Kentucky Statutes, which is as follows:

"The clerks of each county shall make and keep an alphabetical cross-index of all conveyances heretofore or hereafter recorded in his office; and he shall, when a mortgage or deed of trust, or any other conveyance, lease or contract is lodged in his office for record, at once, and before attending to other business, place the names of the parties to the same upon the cross-index in his office, and shall, within six days thereafter record the same."

The question arises in the following manner: Appellant, R. B. Bentley was elected county court clerk of Letcher county at the regular November election in 1909, and assumed the duties of the office on January 3, 1910. Prior to his term of office, there had been made and kept in the county clerk's office a general cross-index of all deeds, mortgages, etc., there recorded. This general cross-index was turned over to appellant by his predecessor in office. Because the county declined to pay him for the work, appellant refused to keep and maintain the general cross-index, but, adopted in its place the individual index system, that is, an alphabetical cross-index for each book.

This action was brought by Letcher County, and the members of the fiscal court, suing both in their official capacity and as citizens and taxpayers of Letcher County, on behalf of all the taxpayers of that county and of the public generally, against Bentley as county court

clerk, to compel him by mandamus to keep up and maintain the general cross-index theretofore maintained in his office. Bentley defended on the ground that the statute in question required him to keep and maintain only an alphabetical cross-index to each deed or mortgage book, and that he had complied fully with the law in this respect.

Proof was heard and upon submission of the case the trial court awarded the writ of mandamus prayed for, commanding appellant, as county clerk, to make and keep up the general alphabetical cross-index in his office from the beginning to the end of his term. From that judgment this appeal is prosecuted.

For appellant, it is insisted that, because the word "general" is not used in the statute before us, the words "alphabetical cross-index" must be construed as referring to the individual index to each particular record book. A careful reading of the statute, however, convinces us that such was not the purpose of its enactment. While the word "general" does not appear in the statute, the language of the statute leaves no room for doubt concerning the purpose of the Legislature. The statute does not say "shall make and keep alphabetical cross-indexes of all conveyances," but uses the words, "an alphabetical cross-index of all conveyances," etc. Further along these words appear, "and he shall, when a mortgage or deed of trust, or any other conveyance, lease or contract is lodged in his office for record, at once, and before attending to any other business, place the names to the same upon the cross-index in his office." In other words, the whole section manifests a purpose to require, in so far as may be practicable, the keeping of one alphabetical cross-index, in which all conveyances theretofore or thereafter recorded in the county clerk's office may be indexed, and that the clerk, in case an instrument is lodged in his office for record, should, before attending to any other business, place the names of the parties to the same upon this particular index, and not merely upon the individual index to the book in which the instrument may be recorded. Prior to the enactment of the statute there had been kept in the clerk's offices throughout the State individual indexes for each particular record book, but, with few exceptions, no general cross-indexes were made or kept up. The importance of having a general

cross-index was apparent to every one, and the statute in question resulted from the united efforts of attorneys and abstractors, who had frequent occasion to search the record. Considering, then, the language of the statute, and the purpose for which it was enacted, we conclude that it was intended to require the county clerks to keep and maintain a general alphabetical cross-index of all instruments therein referred to.

This construction of the statute finds support in the recent case of Title Guaranty Co. v. Commonwealth, 141 Ky., 570, wherein this court said:

"It was the clerk's duty to index the mortgage properly on the cross-index. The fact that the mortgage in question was indexed and recorded in one of the individual mortgage books was not compliance with the law. It was not incumbent upon appellee, or his attorney, to examine each mortgage book or the index thereof for the purpose of discovering the mortgage in question. They had the right to rely upon the cross-index required by the statute to be kept.

Judgment affirmed.