## Smith v. Chapman, et al.

(Decided March 20, 1913.)

## Appeal from Pike Circuit Court.

1. New Trial—Petition—Pleading.—A petition for a new trial is sufficient, if it details facts as to the judgment sought to be affected with such fullness and definiteness that the court can be advised of the issues and proceedings in the former action, and states such other facts from which appear that there has been a miscarriage of justice because of casualty and misfortune, and there has been due diligence on the part of the complaining party.

2. New Trial—Pleading—Exhibit.—In an action for a new trial, it is not absolutely necessary to make the record of the proceedings in the former suit a part of the petition.

3. New Trial—Newly Discovered Evidence—Sufficiency and Probable Effect.—Newy discovered evidence disclosed after trial, not supplementary to any evidence introduced on the former trial, and supporting a separate and distinct defense to the action and which, had it been introduced, would most likely have produced a different result, is sufficient to authorize the granting of a new trial.

4. New Trial—Newly Discovered Evidence—Diligence in Procuring Evidence.—A petition shows due diligence on the part of the complaining party, which sets out facts showing that he used ordinary care to discover and produce at the trial the newly discovered evidence.

5. Records—Index.—A general index of conveyances which does not show the name of the grantor to the grantee and that of the grantee from the grantor, under the initial letter of the party's surname, is not such index as the law requires.

HOBSON & HOBSON and STRATTON & STEPHENSON for appellant.

F. W. STOWERS, WILLIS STRATON and ROSCOE VANOVER for appellee.

Opinion of the Court by Judge Lassing—Reversing.

This appeal involves the sufficiency of a petition brought, under section 344 of the Civil Code, for a new trial on the ground of unavoidable casualty or misfortune, arising in this way: Johnson Chapman and his wife filed suit in the Pike Circuit Court against Will M. Smith, in which they sought to recover of him the value of certain timber, alleged to have been cut and removed by him from a tract of land which they claimed. The title to the land was put in issue. Chapman and wife relied upon a paper title, and traced it back to one Hammond Goosling, the senior patentee of the land. They also pleaded• and relied upon adverse possession. Smith had a paper title, but was unable to produce evidence of it, and he relied upon the claim of adverse possession. The case proceeded to trial and resulted in a judgment for the plaintiffs. After this judgment had become final, Smith discovered the deed which perfected his title to the land, and he thereupon filed this suit in which he seeks to have the former judgment vacated and a new trial granted him upon the following state of facts:

It appears that Hammond Goosling had twice conveyed this same land. He first conveyed it to those under whom Smith claimed, and, at a later date, conveyed it to those under whom Chapman claims. On August 14, 1858, he conveyed it to one Benjamin Williamson, and by a series of mesne conveyances the title passed to and vested in one Alex. Varney and Jacob Smith, father of appellant. Varney conveyed his interest to Jacob Smith, and Smith devised the entire tract to his son. At and before the date of the trial Smith was unable to connect the title to the land which his father devised to him to Hammond Goosling. His inability to do so is alleged to have grown out of the fact that the deed from Goosling to Williamson, made in 1858, was not properly indexed in this, in the index under the letter "G" the clerk failed to note the record of the deed from Goosling to Williamson, but did index it under the letter "W" as Williamson from Goosling. In his petition for a new trial Smith alleged that since the discovery of the deed from Goosling to Williamson he is enabled to present a perfect paper title to said land superior to that of appellees, and insists that, upon this ground, a new trial should be awarded. In the circuit court a demrurer was interposed to the petition and sustained. An amend-

·ment was filed and a demurrer· sustained to the petition as amended. Plaintiff declined to plead further, his petition was dismissed, and he appeals.

It seems that the circuit court, in ruling as it did, proceeded upon the idea that the petition was defective in that it did not set out at length, or cause to be made a part of it, the record of the proceedings in the old suit, and also because the complainant failed to show due diligence to discover and present the evidence of the Williamson deed upon the former trial. Thus, are two questions raised for consideration here.

The petition, in appropriate language, sets out the pendency of the former suit, the description of the land, the title to which was involved, the issue raised by the pleadings, the trial, verdict and judgment, his ownership of the land by devise from his father, the title by which his father held the land tracing same back to Hammond Goosling, the patentee; that, at and prior to the institution of the suit in which judgment was rendered against him, he made diligent search of the records in the county court clerk's office in Pike County for title papers to cover the land in controversy, and had a reputable firm of attorneys to make like search, but that neither he nor his attorneys were able to find the deed from Goosling to Williamson; that by reason of this fact he was unable to present his defense to said suit; that, since said trial and judgment, he has found said deed; that his inability to find it was due to the fact that it was not properly indexed, and that this ·fact cannot be imputed as negligence to him; that if he is now given a new trial and permitted to do so, he can show in himself a perfect paper title from the Commonwealth, superior to that presented by appellees; and he prayed that he be given an opportunity to do so.

Petitions, in cases of this character, are addressed to the conscience of the chancellor. They must state the facts with reference to the judgment sought to be affected with sufficient fullness and definiteness to enable him to determine whether or not there has been a miscarriage of justice, because of casualty or misfortune, which prevented the complaining party from producing his evidence or properly presenting his case. In order to meet such requirement, it may be, and frequently is, necessary to set out all of the pleadings, steps and proceedings leading up to the judgment complained of. But this

is not necessarily so. If the court can be advised of the issue tried and shown that the newly discovered evidence, had it been introduced, would most likely have produced a different result, the ends of the law are satisfied and the complainant should not be put to the expense of making the whole of the old record a part of his pleadings. The tendency of courts is toward the simplification of pleadings, and if the requirements of the case can be complied with, without making the record in the old suit a part of the new, it is a commendable practice not to do so. This principle was recognized in Overstreet v. Brown, 23 Rep., 317, where the court said:

" In a petition for a new trial the proceedings of the former suit must be set out and as a rule the record of that suit should be made a part of the new record, so that the court may determine upon the whole case whether a new trial should be granted."

Thus it is seen that the purpose of requiring the proceeding in the former suit to be set out is for the court's information, in order, as stated, that he may determine whether or not a new trial should be granted. This position, in no wise, conflicts with the opinion of the court in Weir v. Weir, 19 Rep., 2005 where the court said:

"The proceedings of the old case and the trial and evidence heard thereon should have been pleaded in this case in full or should have been made a part of the petition in some way by reference as exhibits, so as to necessarily bring that old case and the proceedings had therein before the court in this case."

But the court further said:

"It (referring to the petition) utterly fails to show what were the issues on the trial wherein the judgment was had or that either the appellee or Clifford Weir testified on that trial to any fact, or if they did testify that their testimony was not what these two new witnesses will testify. It may be, so far as this petition shows, that appellant in the former trial admitted his liability to some extent and the jury was only called to fix the amount of recovery, or it may be that all this matter proposed to be shown by this new evidence was directly in issue in the other trial. The petition is silent as to all of these things and according to the rules of pleading all the facts necessary to show a plaintiff entitled to affirmative relief must be shown in his pleading."

So, when the statement in that opinion, that the proceedings in the old case should have been copied into the pleading, or else referred to and made a part of it, is read in connection with the reasons for such requirement, it is apparent that the court was but saying, in a different way, that facts must be pleaded in a petition which will show that there has been a miscarriage of justice by reason of casualty or misfortune. In the case at bar, every material fact necessary for the advice and enlightenment of the court is pleaded. It was alleged that, because of his inability to present his paper title, appellant was compelled to rely upon his claim of adverse possession; and that, appellees having a title of record from Goosling which gave them constructive possession of the land in dispute, they had an advantage which appellant could neither meet nor overcome. It is also apparent that, if his paper title had been presented to the court, it would have entirely destroyed the evidential value of appellee's paper title; hence, it is readily seen that, if appellant is without fault and is excusable for not having presented his paper title upon the former trial by reason of the failure of the clerk properly to index the deed, a wrong has been done him, and he should not be suffered or permitted to lose this land, of which he is the rightful owner and to which appellees, if appellant's contention is true, have no right or title. The evidence which appellant now desires to introduce, if given an opportunity to do so, is of no uncertain character but is of the highest class, to-wit: record evidence. It is not supplementary to any evidence that may have been introduced upon the former trial in support of the plea of adverse possession, but is a separate, distinct and entire defense in itself to appellees' claim; and we are of opinion that the petition presented all of the facts relative to the former suit, trial and judgment, that were necessary to enable the chancellor to fairly and intelligently pass upon appellant's right to a new trial, in so far as a reference to the old record and proceedings is concerned.

The only remaining question is: Did appellant use due diligence in an effort to present his title paper in that suit? Section 513, Kentucky Statutes, which is practically the same as section 34, Chapter 34, Revised Statutes, in force at the time the Williamson deed was lodged for record, makes it the duty of the clerk of the county

court in each county to "make and keep an alphabetical cross-index of all conveyances heretofore or hereafter recorded in his office; and he shall when a mortgage or deed of trust, or any other conveyance, lease or contract is lodged in his office for record, at once, and before attending to any other business, place the names of the parties to the same upon the cross index in his office, and shall, within six days thereafter, record the same." Since the law imposed upon the clerk the duty of properly indexing all deeds in his office, appellant had the right to presume that he had discharged that duty, and when he looked in an index book for a conveyance from Goosling to Williamson and found none, he had a right to presume that no deed from Goosling to Williamson had been lodged for record in that office. Appellant alleges that he made such search himself; not only so, but he employed a reputable firm of attorneys to search for him, and that they likewise failed to find the index of the deed from Goosling to Williamson where it should be and reported to him that no such deed was of record. In Title Guaranty & Surety Co. v. Commonwealth, 141 Ky., 570 this court said:

"It is the clerk's duty to index the mortgage properly on the cross index. The fact that the mortgage in question was indexed and recorded in one of the individual mortgage books was not a compliance with the law. It was not incumbent upon appellee or his attorneys to examine each mortgage book or the index thereof for the purpose of discovering the mortgage in question. They had the right to rely on the cross index required by the statute to be kept."

It seems, in that case, the clerk had, in addition to the cross index, an index in each mortgage book, and, had the complainant in that case looked into the index in the book in which the mortgage was recorded, he could have discovered the evidence of that fact, but the court said that he was not required to look there, but had the right to rely upon the cross index which the clerk was required to keep. To the same effect is Bentley v. Letcher County, 143 Ky., 585. In Elliott v. Harris, 81 Ky., 470, the appellant upon the trial was unable to produce a certain deed. It turned out that this deed had been recorded, though she was unable to find it, because the index was lost or destroyed. In awarding her a new trial, this court said:

"No amount of diligence, in the eye of the law, could have discovered this deed, because the law does not require the appellant to do more than to search for the deed, in the usual way, by aid of the indexes and aid of the clerk, whose duty it is to index the deed books used by him in recording deeds. He was not bound to turn page by page to find a deed embraced by so cumbersome a record, and she had the right to be content after having made reasonable search and failed to find it. Public authority should provide for indexing the deed books whose indexes are not lost or destroyed, and until this be done, such books are not entitled to the legal force or validity of public records for the purposes of notice to all who may be affected by their contents."

In Cox v. Prewitt, 16 Rep., 130, Cox relied upon a record of the survey kept in one of the books in the surveyor's office, but upon search the book was not to be found, and for lack of this evidence, lost his case. Later, the record book containing the survey was found, and in holding that he was entitled to a new trial, this court said:

"It appears from the petition that the complainants made search of the record of the surveyor's office before the trial for the record evidence they stood in need of, and which they discovered only after the trial. Not finding it where it belonged, it seems to us they had the right to suppose that after making the survey the officer had failed to record it.

We think that it was not a lack of reasonable diligence on their part to fail to hunt up the former surveyor, to ascertain if he had performed his duty. They had the right to rest on the presumption imputed to the officer, and conclude that he had turned over to his successor all the records of his office. They aver that they had no reason to believe the former surveyor had retained any of the books belonging to the office, and had failed in his duty to turn any of them over."

An index which does not show the name of the grantor in the conveyance to the grantee, and the name of the grantee from the grantor, in their proper place, that is, under the initial letter of the grantor's and grantee's surname, is not such index as the law contemplates or requires. Take the instant case for example. In the index, under the letter "G" should appear "Goosling to Williamson," and, under the letter "W,"

"Williamson from Goosling," and in each instance the page of the record in which the deed may be found should be plainly set out. A partial discharge of duty is, as to the omitted part, a neglect of duty. The indexing of deeds one way does not satisfy the requirements of the law. In this case the clerk failed in his duty, and this negligence on his part misled and deceived appellant and his counsel. By the exercise of a high degree of care, they could have discovered the deed, but the law exacts only ordinary care; and this they used. Upon this showing the demurrer should have been overruled.

Judgment reversed and cause remanded for further proceedings consistent herewith.

Whole court, except Chief Justice Hobson, sitting.