## Frick & Lindsay Company v. Beard, Trustee.

(Decided December 1, 1925.)

### Appeal from Warren Circuit Court.

1. Corporations—Contract for Purchase of Property by Corporation Granting Vendor Lien to Secure Purchase Notes Need Not be Entered in Minutes.—Contract by corporation for purchase of oil and gas lease, granting vendor purchase-money lien to secure notes given in consideration therefor, held sufficiently authorized by resolution of board of directors which clearly identified and approved such contract, and contract need not be itself entered in minutes of corporation.

2. Corporations—Statutory Requirement as to Sale of Corporation's Property Not Applicable to Purchase of Oil and Gas Lease by Corporation, Constituting Ordinary Business of Corporation.—Where buying and selling oil property was ordinary business of corporation, it was not necessary to secure consent by holders of three-fourths of capital stock of corporation under Ky. Stats., section 883b-1, to a contract for the purchase of oil and gas lease, wherein a purchase-money lien was given vendor to secure purchase notes.

3. Mines and Minerals—Contention that Vendor Taking Purchase-Money Mortgage Knew of Claimant's Lien at Time of Sale Not Supported by Evidence.—In action by trustee against corporation to foreclose purchase-money lien given by defendant corporation to trustee to secure purchase-money notes, wherein another lien claimant appeared and contended that such purchase-money lien was created with knowledge of its lien under statute, held under the evidence that positive testimony of trustee that he knew nothing of claimant's lien when he sold and took mortgage was not successfully contradicted.

4. Mines and Minerals—Contract Granting to Vendor Lien on Entire Lease and Leasehold Sufficient to Create Mortgage Lien, Containing Apt Words of Conveyance.—Where corporation purchased trustee's interest in oil and gas lease, and in contract granted trustee a lien upon entire lease and leasehold, held such words were apt words of conveyance and sufficient to create a mortgage lien; technical words not being required.

5. Mines and Minerals—Contract Conveying Half Interest of Property, Providing for Vendor's Lien on Entire Property, Constructive Notice of Such Lien, Though Recorded in Deed and Not Mortgage Book.—Where trustee conveyed his half interest in oil and gas lease to corporation holding other half interest, and contract provided trustee was to have lien on entire lease to secure purchase-money notes, held, that such deed, though recorded in deed and not mortgage book, was nevertheless constructive notice that vendor had lien on entire leasehold; trustee not being responsible for its recordation in deed book rather than mortgage book.

6.  Mines and Minerals—Claimant Filing no Statement in County
    Court as Specified by Statute Prior to Recording Lien had no
    Priority Over Duly Recorded Mortgage Taken Without Notice.—
    A prior lien claimant who filed no statement as required by stat-
    ute in office of county court of county before recording his mort-
    gage, had no priority over a duly recorded mortgage on oil and
    leasehold taken without notice.

CHANEY & DIXON for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In April, 1921, the holder of what is known in the record as the Brigg's lease in Warren county, conveyed it to T. H. Beard, trustee, and the Mason Oil Company, to be held by them in equal shares, together with all the equipment and material upon the leasehold. The lease was held by the grantees jointly until December, 1921, when Beard, trustee, sold and conveyed his one-half interest to the Mason Oil Corporation. The written contract, dated December 19, 1921, evidencing the sale, so far as material, is in these words:

"This contract and agreement, by and between T. H. Beard, trustee, of Bowling Green, Kentucky, party of the first part, and the Mason Oil Corporation, as party of the second part;

"Witnesseth: That for and in consideration of the sum of $46,744.43, to evidence which the second party has this day executed and delivered its two certain promissory notes, each for the sum of $23,-372.21, both bearing interest at the rate of 6% per annum from January 1, 1922, until paid, due on July 1, 1922, and the second falling due on January 1, 1923.

"The first party has sold and does hereby assign, transfer and convey his entire undivided interest in and to a certain oil and gas lease and leasehold estate, given on June 25, 1920, by Mrs. J. A. Briggs, etc.   . . .

"The first party does further sell, assign and convey hereby to the second party all of his entire interest in the equipment of said lease and the material thereon of whatsoever kind, including engines, power, machinery, tanks, drilling rigs and Ford car.

"For the purpose of securing said two notes, with interest, the second party does hereby give and grant unto the first party a lien upon the entire lease and leasehold estate mentioned and described above, embracing the interest herein assigned and all the interest already owned by the second party, including the entire equipment on said lease, whether engines, powers, tanks, machinery, drilling rigs or Ford car. When said two notes shall have been paid with interest, then this lien herein given and granted shall be released, otherwise it shall remain in full force and effect."

The notes were not paid and this suit was brought to enforce the lien secured by the contract. The Frick & Lindsay Company appeared in the action, asserting a lien on the property for $2,685.71 for materials and machinery furnished the Mason Oil Company on the leasehold. It pleaded that the above writing, insofar as it gave Beard, trustee, a lien on the half interest in the property then owned by the Mason Oil Company, was executed without authority and was void. It also pleaded that Beard, trustee, made the contract with notice of their lien under the statute. These allegations were denied; proof was taken and on final hearing the circuit court entered judgment in favor of Beard, trustee, dismissing the counterclaim of Frick & Lindsay Company. It appeals.

It is insisted that the contract was not authorized.

At a meeting of the board of directors of the Mason Oil Company at its office on December 21, 1921, the following action was taken:

"Resolved, that the contract between T. H. Beard, trustee, and the Mason Oil Corporation, dated December 19, 1921, for the purchase of a one-half (½) working interest in the Mrs. J. A. Briggs' oil and gas lease, situated in Warren county, Kentucky, for the sum of $46,744.43, be and the same is hereby approved."

The contract was then closed by the president by executing the writing as authorized by the board of directors. The resolution unmistakably identifies the writing which is approved. The notes were executed; the cor-

poration took charge of the property. It was not necessary that the writing should be entered upon the minute book of the corporation. It is also insisted that the contract was void under section 883-b, Ky. Stats., which provides as follows:

"Any corporation now or hereafter organized under the laws of this state or of any other state or territory of the United States shall have power to sell and convey all of its property, rights, privileges, franchises, easements, rights of way, and all other property and property rights it may use or possess."

To be valid such a sale under the statute must be consented to by the holders of not less than three-fourths of the capital stock of the corporation; but this was not that kind of a sale. The company owned other oil interests. It did not sell any of its other properties. It only created a lien upon one piece of property. The buying and selling of oil property was the ordinary business of the corporation. To make such a contract as that here involved was the ordinary business of the corporation and within the power of the board of directors.

It is shown by the evidence that Beard, trustee, knew in July, 1921, that the Frick & Lindsay Company were furnishing materials on this leasehold, but it also appears that its account was paid up to December, 1919, or practically paid.

Beard, trustee, had no notice that they would thereafter create a debt, and in fact his positive testimony that he knew nothing of the claim when he sold out and took his mortgage is not successfully contradicted.

The written contract expressly provided that the second party, for the purpose of securing the two notes, grants unto the first party a lien upon the entire lease and leasehold. These are apt words of conveyance and sufficient to create a mortgage lien. In 8 R. C. L. 977, after pointing out that a deed must contain operative words sufficient to convey, this is added, and it is in accord with the entire trend of the modern authorities:

"But no precise technical words are required, any words amounting to a present contract of bargain and sale being sufficient; and whatever may be the inaccuracy of expression or the inaptness of the words used in the instrument, the courts will give

effect to it if an intention to pass the title can be discovered therefrom.''

Beard was not responsible that the clerk did not record the paper on the mortgage book. He delivered the paper to the clerk for record; the clerk recorded it on the deed book. This was not Beard's fault. In fact the deed recorded on the deed book was constructive notice that Beard held a lien, not only on the one-half interest conveyed but on the whole leasehold. The same sentence that gave notice of the lien gave notice that it was a lien on the whole property. Bentley v. Letcher Co., 143 Ky. 585; Smith v. Chapman, 153 Ky. 70.

The statute under which appellee asserts its lien provides that such lien shall not take precedence over a mortgage or other contract lien or *bona fide* conveyance for value without notice duly recorded or lodged for record according to law, unless the person claiming such prior lien shall, before the recording of such mortgage, have filed in the clerk's office of the county court of the county a statement as therein specified. Appellee had filed no statement as provided by the statute and its lien was therefore not superior to the lien of the duly recorded mortgage, taken without notice, as held by the circuit court. The finding of the circuit court as to the want of notice can not be disturbed under the evidence.

Judgment affirmed.