## Trustees of Cumberland Presbyterian Church of Central City v. City of Central City et al.

### (Two Cases.)

(Decided December 7, 1928.)

### Appeals from Muhlenberg Circuit Court.

Judgment.—Where party seeks to set aside judgment giving lien on property for street improvements, under Civil Code of Practice, sec. 340, on ground that material evidence was discovered after term, which could not with reasonable diligence have been discovered and produced at term, in that he did not know exact location of property, owing to loss of deeds, he must show that deeds were not recorded, or, if recorded, were improperly indexed, since otherwise slight effort would disclose true dscription of property.

W. O. SMITH for appellants.

WILKINS & SPARKS, T. O. JONES and HUBERT MERIDETH for appellees.

Opinion of the Court by Judge Rees—Affirming.

These two appeals turn on the same point and will be disposed of by one opinion. By the first action filed in the lower court, and there styled "equity action 5878," the plaintiffs, who are appellants here, sought to have vacated a judgment of the Muhlenberg circuit court rendered on January 30, 1926, adjudging a lien upon the property of the Cumberland Presbyterian Church of Central City for certain street improvements and ordering the property sold. By the second action, styled in the lower court "equity action 5879," the plaintiffs sought to enjoin the city and the contractors, in whose favor the judgment had been rendered, from taking any steps to enforce the lien and to enjoin the master com-

missioner of the Muhlenberg circuit court from selling the property.

On July 22, 1889, the Central Coal & Iron Company conveyed to the trustees of the Cumberland Presbyterian Church of Central City a lot, to be held by it so long as the same was used for church purposes. On February 6, 1925, the Central Land Company, the vendee of the Central Coal & Iron Company, conveyed to the trustees of the Cumberland Presbyterian Church any reversionary interest that it might have had in the lot, thus vesting the fee-simple title in the trustees of the church. In each of these deeds the lot was described as follows:

> "Beginning at a point in the south line of said Second street distant westwardly along said south line 430 feet from southwest corner of Center street and said Second street and running thence westwardly with said south line of Second street 50 feet more or less to the east line of said Greenville and South Carrollton road whenever the same shall be located permanently, but in no case to be more than 50 feet from said beginning corner; thence turning southwardly with said east line of said Greenville and South Carrollton road and running to the north line of the first alley south of said Second street parallel thereto and distant 168 feet therefrom, measured at right angles with said Second street, a distance of 172 feet, more or less; thence turning eastwardly and running with said north line of said alley a distance of 100 feet, more or less; then turning northwardly and running parallel with the west line of Center street a distance of 168 feet to the point of beginning in the south line of said Second street and 430 feet from the southwestward corner of Second street."

The lot against which the assessments complained of were made is described in the judgment sought to be vacated as follows:

> "Beginning at a point in the intersection of the south line of West Second street with the east line of Greenville road (street), and running thence with the south line of West Second street S. 68-30 E. 48 ft. to Fred Daniel's corner; thence with Daniel's line S. 21-30 E. 165 ft. to an alley; thence N. 68-30 W. 110 ft. to the east line of Greenville road (street);

thence with the east line of Greenville road (street) 172.2 ft. to the beginning.''

In the action to vacate the judgment of January 30 1926, plaintiffs alleged in their petition that they permitted a judgment by default to be entered because they be-· lieved in good faith that the property was correctly described in the proceedings leading up to that judgment and that it did actually abut on the Greenville and South Carrollton road and was subject to be assessed for the improvement of that street. They further alleged in their petition that they thereafter discovered that the Central Land Company was the owner of a strip of land lying between plaintiffs' property and the Greenville and South Carrollton road on which the improvements had been made, and that this strip of land fronted 6 feet on West Second street and extended back 172.2 feet along the Greenville and South Carrollton road, and was 13 feet in width along the alley in the rear; that the strip of ground lay between plaintiffs' property and the Greenville and South Carrollton road (street) as the latter was finally and permanently established. They further alleged in their petition that they did not know, and could not have known by the exercise of reasonable diligence, that there was a strip of land owned by the Central Land Company lying between their property and the Greenville and South Carrollton road.

A demurrer was sustained to the petition, and an amended petition was filed, in which it was alleged in substance that the deeds from the Central Coal & Iron Company and the Central Land Company to the trustees of the Cumberland Presbyterian Church had been lost, and were not found until after the judgment complained of had been entered, and that thereafter they learned for the first time that the property sought to be sold did not abut on the Greenville and South Carrollton road (street). A demurrer was sustained to the amended petition, and, the plaintiffs refusing to plead further, their petition and amended petition were dismissed. Their petition in the second action by which they sought to enjoin the master commissioner from selling their property alleged in substance the same facts as were alleged in the petition in the first action. A demurrer was likewise sustained to this petition, and, plaintiffs failing to plead further, the petition was dismissed.

The judgment sought to be vacated was rendered at the January, 1926, term of the Muhlenberg circuit court, and the action for a new trial was instituted on November 27, 1926. After the term a judgment cannot be vacated except for the causes mentioned in sections 340 and 518 of the Civil Code of Practice. Here the appellants are seeking to vacate a judgment on one of the grounds mentioned in section 340, to wit, material evidence discovered after the term at which the judgment was rendered, and which they could not with reasonable diligence have discovered and produced at the trial. They alleged in their petition as amended that the deeds from the Central Coal & Iron Company and the Central Land Company had been lost, and were not found until after the term at which the judgment sought to be vacated was rendered; but they nowhere alleged that these deeds were not recorded in the office of the clerk of Muhlenberg county court, nor, if recorded, that they were improperly indexed. On the other hand, in their petition in the action for an injunction, we find this allegation:

"Being the same property conveyed to the Cumberland Presbyterian Church on the 22d of July, 1899, by the Central Coal & Iron Company, a corporation, and of record in the office of the clerk of the Muhlenberg county court in Deed Book No. 55, at page 632, and also by deed from Central Land Company, a corporation, dated February 6, 1925, and of record in the office of the clerk of the Muhlenberg county court in Deed Book 122, page 217."

When a party seeks to have a judgment set aside on the ground of newly discovered evidence, he should not only show that the evidence is material, but that he could not with reasonable diligence have discovered and produced it at the trial. Here it was incumbent upon the plaintiffs to allege and prove that the reason they did not know that their property did not abut upon the improved street resulted from the loss of their deeds, which had not been properly recorded in the clerk's office. Smith v. Chapman, 153 Ky. 70, 154 S. W. 915; Elkhorn Coal Corporation v. Hite, 225 Ky. 735, 9 S. W. (2d) 1083. If properly recorded there, a slight effort on their part would have disclosed the true description of their property, the fact upon which they now rely to defeat the claim for the street improvement. Furthermore an examination of the pleadings filed by them discloses that

their property is only assessed as fronting 48 feet on West Second street, which is the distance from Fred Daniel's corner to the Greenville and South Carrollton road (street). As they are entitled to a frontage of 50 feet on West Second street under the deeds relied on, there can be no strip of ground fronting on West Second street between their lot and the Greenville and South Carrollton road (street). Appellants wholly failed to allege facts sufficient to have vacated the judgment of January 30, 1926, or that would entitle them to any injunctive relief.

The lower court properly sustained the demurrers to the petition and amended petition in action 5878, and to the petition in action 5879, and the judgment in each case is affirmed.