# Ford Motor Co. et al. v. Vanover et al.

December 13, 1946.

Rehearing denied Feb. 4, 1947.

Cleon K. Calvert for appellants.

D. G. Boleyn for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This appeal is prosecuted from a judgment which denied to appellants a new trial of a former action. Appeal had been prosecuted to this court from the former action and the judgment affirmed. Fordson Coal Company v. Vanover et al., 291 Ky. 447, 164 S. W. 2d 966. The above appeal was from a judgment declaring the appellees to be the owners of a one-half undivided interest in and to 300 acres of land which the appellant claimed to own in its entirety by conveyance from John Brewer. The appellees claimed an interest by inheritance from their mother, Elizabeth Wooten. The land in question was formerly owned by Davis Wooten, upon whose death it became vested by inheritance in his two sons and two daughters, one of which daughters was the mother of the appellees.

In 1882 a deed was executed to John Brewer purporting to convey the land in question. It appears that, by inadvertence, or, somehow, the county clerk in recording the deed omitted the name of Elizabeth Wooten, the mother of the appellees. The recorded deed further

does not show the certificate of acknowledgement as to Elizabeth Wooten. Thus, the record title shows the appellees to have a one-fourth undivided interest in the land. The Fordson Company undertook to establish the execution of the deed by Elizabeth Wooten upon the testimony of two witnesses to the effect that in a trial in the District Court of the United States for the Eastern District of Kentucky, they heard W. H. Wooten, who was a brother of Elizabeth Wooten, and one of the grantors in the deed in controversy, testify that he saw Elizabeth Wooten sign and acknowledge the deed. The court held this evidence insufficient to establish the execution of the deed by Elizabeth Wooten. The Fordson Company appealed from that decision.

Sometime in April, 1941, and while the original action was pending in this court, the appellants found and got possession of the original deed. They had a photostatic copy made of it, and on August 8, 1941, while this Court was in vacation, filed a motion in this Court to be permitted to file and make the photostatic copy of the deed a part of the record. It was stated in the motion that this permission was being sought in order to avoid the necessity of bringing future litigation under Sections 518 and 344 of the Code. On October 14, 1941, this motion was passed to the merits of the case. The judgment of the lower court in that original action was affirmed on the 2d day of October 1942. On the 10th day of November 1942, the appellants brought the present action.

It will be noted that in the original suit above, Fordson alone was appellant. Since that time Fordson conveyed to the Ford Motor Company certain of its interests, and consequently, the Ford Motor Company, having a direct interest in the relief sought, was made a party to the second action.

Upon the trial of the instant action, the court held that the matter on which the new trial is sought was newly discovered evidence, and as such is governed by the provisions of the Civil Code relative to newly discovered evidence, and that the petition not having been filed in time as provided therein, denied the relief sought and ordered and adjudged that the plaintiffs' petition be dismissed.

The appellants contend that this judgment is erroneous in that: (a) Because Civil Code, Section 340, Subsection 7, and Section 344 do not control this suit. (b) It is controlled solely by an application of Section 518, Subsection 7, to the facts plead and proven.

Our problem here is to determine whether or not the finding of the deed was newly discovered evidence or whether or not the inability to find the deed was unavoidable casualty or misfortune. It was obvious from the record that the deed from the Wooten heirs to Brewer had been executed and delivered. In the Federal Court suit there was testimony from one of the heirs that it had been executed and delivered, and had been signed by the appellees' mother. Because of the imperfect recording of the deed, it was highly important that the original deed be found. Properly analyzing the differences—newly discovered evidence is evidence of some material fact unknown to the party at the time of the trial and revealed only after the trial had been had. A comprehensive judicial definition of newly discovered evidence is found in the case of People v. Priori, 164 N. Y. 459, 58 N. E. 668, 672: ''Newly-discovered evidence (as ground for a new trial), in order to be sufficient, must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; and (6) it must not be merely impeaching or contradicting the former evidence.''

In the instant case, the appellant parties knew that a deed had been executed. Their only salvation in the above case was to find that original deed. They were not just trying to discover whether or not a deed was in existence. To find the deed meant their ability to produce it as proof in the case. All the while it was known that such proof existed somewhere. In the light of the above rule, the finding of a thing that already existed cannot be said to be newly discovered evidence.

We, therefore, conclude that the court erroneously held that the finding of the deed was newly discovered

834

evidence, which would require procedure under Subsection 1 of Section 518 of the Civil Code of Practice. We conclude rather that the loss of it, and the inability to produce it, was unavoidable casualty and misfortune, and that a new trial should have been granted as under Subsection 7 of Section 518. See Smith v. Chapman, 153 Ky. 70, 154 S. W. 915; Cox v. Prewitt, 26 S. W. 589, 16 Ky. Law Rep. 130.

The judgment is reversed.