(91 Misc. Rep. 329)

## PEOPLE v. BECKER.

(Supreme Court, Special Term, New York County.　July, 1915.)

CRIMINAL LAW ☞941, 942—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

　　A new trial cannot be granted under Code Cr. Proc. § 465 (7), authoriz-- ing the granting of a new trial for newly discovered evidence, where the proffered evidence tends merely to impeach and discredit a witness, or is merely cumulative.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2316, 2328-- 2332; Dec. Dig. ☞941, 942.]

Charles Becker was convicted of murder in the first degree, his conviction was sustained by the Court of Appeals, and he moves for a new trial under Code Cr. Proc. § 465, subd. 7.　Motion denied.

W. Bourke Cockran, John B. Johnson, Martin T. Manton, and John F. McIntyre, all of New York City (W. Bourke Cockran, of New York City, of counsel), for the motion.

Charles Albert Perkins, Dist. Atty., and Robert C. Taylor and James A. Delehanty, Asst. Dist. Attys., all of New York City (Robert C. Taylor, of New York City, of counsel), opposed.

FORD, J.　This is a motion for a new trial under subdivision 7 of section 465 of the Code of Criminal Procedure.　It is made after defendant has been convicted of murder in the first degree and the conviction sustained by the Court of Appeals.　Such a motion could not be granted under the common law.　Quimbo Appo v. People, 20 N. Y. 531.　The power to grant it was conferred by statute in Laws 1859, c. 339.　That power now exists by virtue of sections 462–466 of the Code of Criminal Procedure.　People v. Bonifacio, 119 App. Div. 719, 104 N. Y. Supp. 181, affirmed 190 N. Y. 150, 82 N. E. 1098. The particular provision of the statute under which this motion may be entertained is as follows:

　　"Section 465. The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application, in the following cases: * * * 7. Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. * * *"

Thus it is seen that the granting of new trials in criminal cases is strictly limited by statute, and is not at all based upon inherent right in the court, as in civil cases.　The reason for this difference seems to be that in the former class of cases the pardoning power is the safeguard relied upon to prevent injustice (Quimbo Appo v. People, supra, 20 N. Y. 553, 556), while in the latter the courts themselves are the only recourse for the injured litigant.　What a defendant must show to secure a new trial under the statute has been declar·d by the Court of Appeals in People v. Priori, 164 N. Y. 459, 58 N. E. 668, as follows:

"Newly discovered evidence in order to be sufficient must fulfill all the following requirements: (1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; and (6) it must not be merely impeaching or contradicting the former evidence."

In its decision affirming the conviction of this defendant, the Court of Appeals, citing that case, says in passing upon a previous motion for a new trial:

"The court may not grant a new trial under the provisions of the Code of Criminal Procedure relating to newly discovered evidence (section 465, subd. 7), where the freshly proffered proof goes simply to impeach or discredit a witness sworn upon the first trial. People v. Priori, 164 N. Y. 459 [58 N. E. 668]; People v. Eng Hing and Lee Dock, 212 N. Y. 373 [106 N. E. 96]. This rule not only justified, but required, the denial of the motion." People v. Becker, 215 N. Y. 126, 159, 160, 109 N. E. 127, 138.

Does the evidence set forth as newly discovered in the affidavits presented on behalf of the defendant meet these requirements of the statute and of the Court of Appeals? That is the question, and the only question, before me.

As to the defendant's own affidavit, it is not contended that it sets forth newly discovered evidence and must be disregarded. Kaufman's two affidavits detail certain conversations with Bridgie Webber, Rosenthal, Mrs. Rosenthal, Applebaum, and one Muttle, very little of which would be admissible under the rules of evidence.

So of the affidavit of Edward C. Ginty, which purports to give the substance of a conversation had with Rose to the effect that it was not intended that Rosenthal should be killed, that Rose had over $5,000 in his possession to be given to Rosenthal for the purpose of getting him out of the way, and that Rose was "shocked and disappointed" when he heard of Rosenthal's death. The only theory on which this evidence could be considered competent is that it might be introduced to impeach or contradict Rose. But such proposed evidence is clearly of no weight upon this motion according to the decisions cited above.

The same may be said of the affidavit of the convict Murphy. If what he swears to would be admissible at all, it would be for the purpose of impeaching or contradicting Webber or other witnesses for the state. Murphy swears that in the Tombs he heard Rose, Vallon, and Webber discussing a plan to "frame Becker."

Isaac M. Cohen's affidavit tends to show merely that Rosenthal had a note of the late Senator Sullivan which the affiant sought vainly to have discounted. This is immaterial, except upon the theory that other incompetent and immaterial evidence proposed should first be admitted as a foundation.

Lewis Harris in his affidavit swears that he overheard Webber say to the person known as "Dollar John," "If you string with Herman we'll take you the same as we're going to take him," and that Rose admitted to him in effect that the evidence connecting the defendant with the killing of Rosenthal had been fabricated. This affidavit is prolix, and for the most part a rambling jumble of irrelevant happen-

ings and conversations. Whatever relevant matters it contains would be admissible only in contradiction or impeachment of Webber and Rose, and therefore unavailing here.

The affidavit of Rev. James B. Curry becomes immaterial in the view I take of the defendant's statement as before indicated. Father Curry's affidavit is intended merely to show that defendant's statement had not been fabricated for the purposes of this motion.

Harford T. Marshall swears in his affidavit that, in a conversation between him as lawyer and Webber as his client, the latter told him that Becker had nothing to do with the killing of Rosenthal. Assuming that this statement was not privileged, it falls under the condemnation of the decisions as merely tending to impeach or contradict a witness for the people. Mr. McIntyre and Mr. Manton make affidavits to their not knowing at the time of the last trial about the matters detailed in the defendant's statement. The fatal fact is that the defendant himself did know about them at and before both of his trials. Deputy Warden Johnson merely swears to what occurred when he took the affiant Murphy from prison to see Gov. Whitman, and this is of no consequence in the view I take of the proposed new evidence offered on this motion.

As to Applebaum's affidavit, which related to conversations between himself, the defendant, Senator Sullivan, and others, it contains nothing of moment which was not known to the defendant before his last trial. Furthermore, he knew that Applebaum knew about those conversations, and he was available as a witness. The law requires reasonable diligence on the part of the defendant in producing evidence upon the trial.

Not only is the proffered evidence open to the objection mentioned, but it is for the most part cumulative and hence insufficient by the express language of the statute. People v. Shea, 16 Misc. Rep. 111, 38 N. Y. Supp. 821. I am of opinion that, when subjected to the test of the statute and the decisions, there is not enough competent evidence proffered to have changed the result, had it been received upon the trial.

Upon the argument and in his memoranda counsel for the defendant invokes the inherent power of the court to grant a new trial. I cannot find anywhere in the authorities even a suggestion that this court possesses any such power. On the contrary, as has been pointed out, the power is granted by statute and must be exercised in strict compliance with it. People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149. In that case Mr. Justice Clarke said:

"In People v. Glen, 173 N. Y. 395, 66 N. E. 112, Judge Werner, in discussing section 313 of the Code of Criminal Procedure regulating motions to set aside indictments, referred to the fact that from time immemorial common-law courts had quashed indictments, on motion, for defects in form and other irregularities, but added: 'Such matters are now regulated by the provisions of the Code of Criminal Procedure, and however inconvenient, or even oppressive, they may appear to be in specific cases, the courts must apply them as best they can, for they embody the commands of the lawmaking power in matters wherein its fiat is supreme and final.' We have, then, the authority of the Court of Appeals that prior to the statute there existed no

power in the court to grant a new trial on the merits after conviction of a felony for any reason, and that now the statute is imperative and controlling on all matters of criminal procedure."

Defendant's counsel cites the Special Term case of People v. Benham, 30 Misc. Rep. 466, 63 N. Y. Supp. 923, as a precedent. But in that case the evidence offered upon the motion for a new trial was actually newly discovered in the sense that what it tended to prove had never been mentioned upon the trial. Here the facts sought to be shown, for the most part, had been litigated, and the proffered evidence is merely cumulative. The resemblance between the Benham motion and this is that the defendant there, as here, had knowledge of the facts sought to be proved at the time of the trial, and was not permitted by his lawyers to testify concerning them. But it appears that there was new evidence, aside from that of the defendant's, which warranted the granting of the motion. At page 487 of 30 Misc. Rep., at page 938 of 63 N. Y. Supp., the court says that:

"In view of the other important evidence which has been discovered since the trial, this application should not be denied for the reason that the testimony which the defendant can give was known to himself and his attorney at the time of the trial."

That is true on this application also, but the trouble is that there is not "such important evidence," aside from that proffered by the defendant personally, as would warrant the granting of the motion; and, as I have studied the authorities and examined the affidavits, the conviction has grown upon me that it could not be granted without disregarding the law and attempting to usurp the functions of another department of government.

Motion denied.