THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEO
NOWAKOWSKI, Appellant.

Fourth Department, November 2, 1927.

**Crimes — burglary, third degree — evidence — evidence of identification
not improperly admitted — evidence does not sustain verdict of guilty.**

Testimony by witnesses that they identified the defendant on an occasion preceding
the trial was *prima facie* inadmissible, and its admission would have constituted
error, except for the fact that defendant's attorney cross-examined one of the
witnesses fully in reference to the matter, and permitted the prosecution without
objection to examine two other witnesses who testified in general that they had
identified the defendant at a police station prior to the trial. Under the
circumstances, the judgment will not be reversed because of the admission of
that testimony.

The evidence tends to show that the defendant was in the vicinity of the store
which was burglarized on the day in question but the identification of the
defendant was not at all positive and other evidence establishes that an
opportunity was afforded other persons to burglarize the store at about the
time it was charged the defendant committed the crime. The mere proof of
opportunity is not sufficient to sustain the verdict of guilty and the fact that
the defendant in a statement made to an under sheriff who arrested him lied
as to his whereabouts at or about the time the alleged burglary was committed
is not sufficient in connection with the other evidence to establish the defend-
ant's guilt beyond a reasonable doubt. Therefore, the judgment of conviction
is reversed and a new trial granted.

APPEAL by the defendant, Leo Nowakowski, from a judgment
of the County Court of the county of Wyoming, rendered on the
26th day of May, 1926, convicting him of the crime of burglary,
third degree, and grand larceny, second degree, as a second offense.

*W. Bartlett Sumner*, for the appellant.

*Clarence H. Greff, District Attorney*, for the respondent.

CROUCH, J. On March 31, 1926, between the hours of twelve
o'clock noon and two or possibly three o'clock P. M., the cash drawer
of a hardware store in Strykersville, N. Y., was broken into and
about ninety dollars in money stolen.

The defendant was convicted of burglary and larceny for entering
the store and stealing the money.

Various errors are urged here as ground for reversal. Only two
of them seem to us to merit discussion:

1. On the trial four school girls testified to having seen the
defendant on the street near the store shortly after twelve o'clock
noon. They further testified to having identified the defendant
on an occasion preceding the trial. As the rule of evidence stood

at the time of trial (cf. Code Crim. Proc. § 393-b), this would have been error, except for the fact that the attorney for the defendant went into the matter fully first on the cross-examination of one of the girls who had not been examined in chief on that point. (*People* v. *Conti*, 215 App. Div. 270, 275; *People* v. *Simon*, 218 id. 363.) Two other witnesses for the prosecution who had testified to having seen defendant during the forenoon at a place about five miles away, further testified to an occasion when at a police station in Buffalo they had picked out the defendant from a group of eight or nine men and identified him as the man seen by them on the day of the crime. No objection was made to that testimony, whereas, when the prosecution sought to go further into the details and manner of the identification, objection was made and sustained. Those facts, taken in connection with the character of the cross-examination, leave one in doubt as to whether the omission to object may not have been intentional. If it was, the admission of the evidence cannot now be urged as error. (*People* v. *Simon*, *supra.*) Under the circumstances, we are not disposed to reverse the judgment upon this ground.

II. Much more serious is the contention that the evidence was insufficient to warrant a conviction and that the trial court should have advised the jury to acquit.

The only essential facts shown by the prosecution were that defendant, driving a Ford sedan, was seen at Java Center, about five miles from Strykersville, at about eleven-thirty A. M., on March thirty-first; that he drove in the direction of Strykersville; that he was seen on the sidewalk of Strykersville a little after twelve o'clock at a point distant one hundred and five feet from the front door of the store; that the proprietor of the store went to his dinner at twelve o'clock, leaving nobody in the store; that all entrances to the store were locked, except one at the back which led to the tin shop, and that the back entrance to the tin shop was not locked; that about ten minutes after twelve a man who resembled the defendant, but was not positively identified, was seen walking back on a driveway just south of the store and was seen to enter an outhouse located about forty feet back of the unlocked door of the tin shop; that about the same time a man doubtfully identified as the defendant was seen by another witness standing about twenty-five feet from the door of the tin shop and was thereafter seen to walk up to the door where he stood facing south, with his head down; that the proprietor of the store returned somewhat after one o'clock and later went out of the store to pump some gas, leaving two customers alone in the store; that thereafter and perhaps about one-thirty. when he went to put some money in the

cash drawer, he found it had been broken into. It may be noted that this witness, in his original deposition upon which the warrant was granted, fixed the time of discovery as late as three P. M.

It is clear that upon the foregoing facts alone no case was made out against the defendant. Mere proof of opportunity is not sufficient.

The only other evidence offered by the prosecution was the testimony of an under sheriff who said that after the arrest the defendant denied that he had been in Java Center and Strykersville on March thirty-first, and said that his automobile had been in a repair shop that day, but could not remember what repair shop.

The defendant rested on his motion to advise an acquittal for insufficiency and offered no evidence.

Properly enough as matter of law the jury was instructed that if the defendant lied about his presence in Strykersville that day for the purpose of concealing his movements and escaping detection, that fact could be taken as evidence of a guilty presence. (16 C. J. 550, § 1059, and cases cited.)

The weight and persuasive value of this inference varies in accordance with the amount and weight of the other evidence in the case tending to show guilt, for it operates ordinarily only by way of lending strength to other and more tangible evidence. Two recent illustrations of this may be found in *People* v. *Gorski* (236 N. Y. 673), where the failure to prove an alleged alibi was deemed sufficient corroboration of the testimony of an accomplice; and in *People* v. *Deitsch* (237 N. Y. 300), where a similar failure was similarly held sufficient to corroborate the testimony of the complaining witness in a rape case.

But the courts have long recognized that this inference, " one of the simplest in human experience," may easily be pushed too far. Chief Justice SHAW, in *Commonwealth* v. *Webster* (5 Cush. 295, 317), said: " But this consideration is not to be pressed too urgently; because an innocent man, when placed by circumstances in a condition of suspicion and danger, may resort to deception in the hope of avoiding the force of such proofs." (And see generally 1 Wigm. Ev. [2d ed.] §§ 278, 279.)

In *People* v. *Rainier* (127 App. Div. 47), the authority chiefly relied on by the prosecution, a somewhat similar inference was permitted to cover a slight gap in the People's case. That decision goes further than any other found by us in this State and it has never, so far as we can ascertain, been cited or referred to. Even so, however, it may stand on its own facts, for the case for the prosecution there was far stronger than it is here.

Our conclusion is that the evidence was insufficient to support

the verdict. Somewhat doubtful proof of defendant's opportunity to commit the crime — there being a like opportunity over a space of two hours or more for others who were or might have been in the neighborhood — aided only by the weak inference arising from the testimony of the under sheriff, can hardly be said to afford proof of defendant's guilt beyond a reasonable doubt.

The judgment of conviction should be reversed on the law and a new trial granted.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment of conviction reversed on the law and a new trial granted.