THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BRUNO DRAGONE and Another, Appellants.

Fourth Department, May 9, 1928.

**Crimes — arson, third degree — evidence not sufficient to sustain conviction.**

The appellants and another were tried on an indictment charging arson in the second degree. The indictment was dismissed as to the third defendant for failure of proof but the appellants were convicted of arson in the third degree. One of the appellants has abandoned his appeal. The evidence was insufficient to justify a conviction of the appellant Dragone. It appears that that appellant operated a store in a building owned by his brother, which was heavily insured; that on the night of the fire which occurred about midnight, which concededly was of incendiary origin, he and two others left the store about ten-forty; that after driving a short distance the other two left the automobile of the appellant and, according to his testimony, he proceeded to make certain deliveries, visited a barber shop and started toward another city by a circuitous route, and that on his way he had an accident to his automobile at about one o'clock in the morning. Whether that story is true or not, there is no evidence to show that the appellant was at or near the building when the fire broke out at about midnight, and, in fact, the testimony of the principal witness for the prosecution is to the effect that shortly before midnight he saw two of the other defendants leave the store and that within a few moments the fire broke out. The conviction cannot be sustained on the testimony offered by the People, which consists first of testimony by the man who was near the store when the fire broke out, to the effect that one of those charged with the commission of the crime told him that the appellant Dragone offered to pay for setting fire to the building, which testimony was denied by those whom the witness claimed told

34

about the offer. This statement to the witness was not made in the presence of the appellant Dragone, but in the presence of the other appellant and, while not admissible as to the appellant Dragone, was not improperly received, since both appellants were tried together.

Nor can the conviction be sustained on a showing that the appellant Dragone made false statements as to his whereabouts on the night in question and that he attempted to build up a false alibi, and by further evidence that he took the principal witness and two other defendants to Pennsylvania shortly after the fire and left them there. This last testimony, while tending to show guilty knowledge, was not sufficient to convict, especially in view of the direct testimony of the People's principal witness to the effect that the defendant Dragone was not present when the fire started.

Hubbs, P. J., and Crouch, J., dissent.

Appeal by the defendants from a judgment of the County Court of the county of Erie, rendered against them on the 4th day of November, 1927, convicting them of the crime of arson in the third degree.

*Samuel M. Fleischman,* for the appellants.

*Guy B. Moore, District Attorney [William L. Marcy, Jr., Assistant District Attorney,* of counsel], for the respondent.

Sears, J. The defendants Bruno Dragone and Joseph Albanese together with Vincent Dragone and another, were jointly indicted for the crime of arson in the second degree. Bruno Dragone, Joseph Albanese and Vincent Dragone were tried together on this indictment. At the close of the People's case, the indictment was dismissed as to Vincent Dragone for failure of proof. The defendants Bruno Dragone and Joseph Albanese were convicted of the crime of arson in the third degree and have appealed from the conviction to this court. The appeal, however, has been abandoned by the defendant Joseph Albanese, and we are required to examine the case as it relates to the defendant Bruno Dragone alone.

During the night of August 21, 1927, a fire occurred in a building known as No. 581 Niagara street in the city of Buffalo. The property was owned by Vincent Dragone, a brother of the defendant Bruno Dragone. The insurance on the building was for more than its value. In the front part of the building on the ground floor Bruno Dragone had conducted a poultry business for a few weeks before the fire and up until the time of the fire. On the evening of August twenty-first, Bruno Dragone was at his poultry shop until about twenty minutes before eleven o'clock. At that time he left the shop with defendant Albanese and a young woman, and together they entered an automobile owned by Dragone. After driving a few blocks, Albanese and the young woman got out of the car, and

according to the testimony of Bruno Dragone, he proceeded to deliver certain chickens to customers. He also testified that he changed a tire on his car, visited a barber shop and started for Rochester by way of Tonawanda, a circuitous route, and had an accident to his automobile at about one o'clock in the morning, while on the way to Tonawanda. Whether or not this story is true, there is no evidence in the case to show that Bruno Dragone was at or about the building which burned after the time when he says that he left. A witness named Jack testified, however, that he, himself, was in and about this poultry shop during the evening of the twenty-first of August, and was told by Albanese to be there about eleven o'clock to meet Albanese and Dragone to go with them to Niagara Falls. Jack came back to the building at about twenty minutes before midnight to meet Dragone and Albanese. There were then no lights in the shop. There was an odor of gasoline. He remained near the premises for a half hour or thereabouts, and shortly after midnight saw two men come out of the building. These men he identified as Joseph Albanese and Joseph Cirrincione. Very shortly after these two men left the premises, a fire burst out in the rear of the building, and an explosion occurred. The incendiary character of the fire is not disputed. The sole question raised is the connection of Bruno Dragone with the fire.

The People rely on two classes of evidence to connect the defendant Dragone with the crime.

*First*, the witness Jack testified that on the day following the fire Cirrincione told him in the presence of Albanese, but not in the presence of Dragone, that Dragone had offered Albanese and himself $400 apiece for setting fire to the building. There is no other proof of any such offer. Dragone and Albanese both deny that any such offer was made. The testimony of the witness Jack as to what Cirrincione said that Dragone said was obviously hearsay as to Dragone and was incompetent to establish any fact as against him. It was received in evidence without objection, but it was competent as to Albanese because the statement was made by Cirrincione to Jack in the presence of Albanese. An objection on behalf of Dragone would not have excluded the testimony from the case as the two defendants were being tried together.

*Second.* After the fire in statements to the police, the defendant Dragone gave a false account of his whereabouts on the night in question. He attempted also to build up a false alibi by telling a woman who lived in his house to say to the police that she was with him in Rochester on the evening in question. Further than this, a few days after the fire, he drove his car to Wilkes-Barre, Penn., taking with him Albanese, Cirrincione and the witness

Jack, as well as one or two others.   Dragone left these men in Wilkes-Barre and himself returned to Buffalo.   The People claimed that Dragone took this trip to remove witnesses from the State. Jack testified that the purpose of the trip was to perpetrate a robbery near Wilkes-Barre.   Albanese and Dragone would have it believed that this was a pleasure or visiting excursion.

We had occasion recently to examine the question as to whether a gap in the evidence of a crime could be supplied by testimony showing that the defendant subsequent to the date of the crime had made a false statement as to his whereabouts at the time it was committed.   (*People* v. *Nowakowski*, 221 App. Div. 521.) What we said there is pertinent here.   " The weight and persuasive value of this inference varies in accordance with the amount and weight of the other evidence in the case tending to show guilt, for it operates ordinarily only by way of lending strength to other and more tangible evidence."   Our conclusion in that case was that the evidence was insufficient to support the verdict.   So here, although the proof is stronger than in the *Nowakowski* case, we think the proof relied upon by the People is insufficient to establish the defendant Dragone's guilt beyond a reasonable doubt.   His conduct does offer some proof of his guilty presence when the crime was committed — some proof of connection with the crime.   However, the fact of Dragone's presence with Albanese and Cirrincione when the crime was committed is negatived by the testimony of Jack, the People's principal witness, who saw only Albanese and Cirrincione leave the premises.

The proof as a whole is in our judgment insufficient to sustain the verdict both in law and on the weight of the evidence in the absence of other proof of Dragone's presence in the building with Albanese and Cirrincione, and in the absence of proof that he was instrumental in causing the acts of these individuals, and in the absence of proof of any fact which would show a motive for him to commit the crime.

The judgment of conviction as to the defendant Bruno Dragone should be reversed on the law and the facts, and a new trial granted, and the judgment of conviction as to the defendant Albanese should be affirmed.

All concur, except HUBBS, P. J., and CROUCH, J., who dissent and vote for affirmance.   Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment of conviction as to Bruno Dragone reversed on the law and facts and a new trial granted.

Judgment of conviction as to Albanese affirmed.