**PEOPLE ex rel. ALBANESE v. HUNT,**
Warden.

District Court, W. D. New York.
Oct. 2, 1939.

Joseph Albanese, in pro. per.

John J. Bennett, Jr., Atty. Gen., and James A. Noonan, Asst. Atty. Gen., for respondent.

KNIGHT, District Judge.

This is a habeas corpus proceeding brought by Joseph Albanese, an inmate of Attica State Prison, New York, for his discharge therefrom on the ground that his conviction of third degree arson on November 4, 1927, and sentence to twenty years' imprisonment as a second offender were procured through perjured testimony and that therefore his conviction was void. The petition recites that one William Jack, alias William Tallman, People's witness, testified falsely both before the grand jury by which petitioner was indicted and subsequently at his trial; and that three years thereafter this witness made a sworn statement that he had testified falsely. It does not state what the testimony of witness was on the trial nor what the sworn statement recites.

Upon the production of the petitioner in court, and the filing of a return by the respondent, the petitioner asked that an opportunity be given for the production of witnesses and a hearing had before the court upon the question of his right to a discharge upon the ground stated. The court held in abeyance action on this request pending determination of the materiality of the proposed proofs. It is obvious that any further hearing is unnecessary if the suggested proofs are not material.

Following his conviction petitioner made a motion for a new trial and that was denied. Petitioner states that his conviction was affirmed on appeal; though the opinion on appeal recites that the appeal was abandoned. People v. Dragone, Albanese et al., 223 App.Div. 529, 229 N.Y.S. 265. It is immaterial what the fact was in this regard. Petitioner applied to the trial court for a new trial on the ground of newly discovered evidence. This application was denied for the reason that it was made after the expiration of one year from the date of conviction. Upon appeal this denial was affirmed. Thereafter an application was made for pardon, and this was denied. Twelve years have expired since the imposition of sentence. After serving ten years in prison, petitioner was paroled, and later returned to prison as a parole violator.

The petition is insufficient to support the writ. Accordingly no further hearing is necessary, and a discharge must be denied. My reasons for this decision follow.

The New York Code of Criminal Procedure limits the time within which an application for a new trial on the ground of newly discovered evidence can be made. The limitation period is one year from the date of the entry of judgment. Sections 466 and 465, sub. 7, N.Y.C.C.P. No motion for a new trial on this ground was made as so provided. The enactment of such a statute has been held by the court of last resort of New York State to be within legislative authority. People v. Schmidt, 216 N.Y. 324, 110 N.E. 945. The validity of this statute was tested by petitioner on a motion for a new trial made after the expiration of the limitation period. The statute sustained both by the lower and appellate courts. The jurisdiction of the state court is not challenged.

Under the law as construed by the courts of New York State, impeaching testimony is insufficient as a basis for the granting of a new trial on the ground of newly discovered evidence. People v. Priori, 164 N.Y. 459, 58 N.E. 668; People v. Becker, 91 Misc. 329, 155 N.Y.S. 107; People v. Stielow, Sup., 160 N.Y.S. 555.

A writ of habeas corpus is not a vehicle for a correction of errors on a trial as on an appeal. In re Gregory, 219 U.S. 210, 213, 31 S.Ct. 143, 55 L.Ed. 184. Upon this proposition the authorities are many. Procedure within the law legally enacted is not denial of due process. It is not asserted here that the statute is unconstitu-

tional. The theory of the petitioner is that the federal court at any time can open up any case closed in the state court, if it is made to appear that a witness testified falsely to a material fact. This is not the law, and any·such construction would lead to confusion in criminal procedure. Flynn v. Templeton, 1 F.Supp. 238, decided by this court, affirmed, 2 Cir., 67 F.2d 993.

It is the law that, where it is made to appear that the prosecuting officers caused or knowingly suffered any false testimony to be introduced, the defendant against whom such testimony is given will be discharged on a writ. Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. There it was asserted that the basis of defendant's conviction was perjured testimony knowingly produced by the prosecuting authorities in order to obtain a conviction and also the deliberate suppression of evidence by the authorities. No such state of facts is claimed here.

The Federal courts are reluctant to interfere with the judgments of the state courts. As was said in Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 587, 59 L.Ed. 969: "It is for the state to determine what courts * * * shall be established * * *, and to define their several jurisdictions and authority as between themselves. And the question whether a state is depriving a prisoner of his liberty without due process of law, where the offense for which he is prosecuted is based upon a law that does no violence to the Federal Constitution, cannot ordinarily be determined, with fairness to the state, until the conclusion of the course of justice in its courts."

In Mooney v. Holohan, supra, the court said: "We do not find that petitioner has applied to the state court for a writ of habeas corpus upon the grounds stated in his petition here. That corrective judicial process has not been invoked, and it is not shown to be unavailable. * * * Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open." Citing several cases. [294 U.S. 103, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406.]

The petitioner never applied for a writ in the state court. Through such a writ and appeal the same questions can be raised as are now presented.

The motion to discharge the petitioner is denied.