■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GALANTE, Appellant.— Judgment of the County Court, Nassau County, rendered February 14, 1967, affirmed. No opinion. Beldock, P. J., Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum: I agree with Mr. Justice Martuscello that the admission of evidence concerning other crimes committed by defendant was reversible error. I further believe that it was reversible error to permit an officer to testify that he had defendant under observation before the arrest (*People* v. *Gonzalez,* 24 A D 2d 989; *People* v. *Penner,* 283 App. Div. 731). However, I think the indictment should not be dismissed but, instead, a new trial should be ordered. Martuscello, J., dissents and votes to reverse the judgment and to dismiss the

indictment, but in any event to order a new trial, with the following memorandum: The indictment should be dismissed on the ground that the conviction was based entirely on circumstantial evidence which was inadequate to establish beyond a reasonable doubt that defendant broke and entered the premises described in the indictment. Mere 'suspicion and proof of opportunity to commit the crime and false explanations are insufficient to support a conviction (see, *People* v. *Orr,* 270 N. Y. 193; *People* v. *Nowakowski,* 221 App. Div. 521; *People* v. *Owens,* 20 A D 2d 900; *People* v. *Dornblut,* 24 A D 2d 639). In any event, there should be a new trial on the ground that reversible error was committed by admitting evidence tending to show that defendant had committed other crimes.