Gabrielli, J. (dissenting).
I respectfully dissent and vote to affirm the defendant’s conviction. On this appeal, in which the sufficiency of the evidence is placed in issue, it is recognized that the People’s witnesses must be credited and the evidence as a whole viewed in the light most favorable to the prosecution (People v Benzinger, 36 NY2d 29, 32; People v Cleague, 22 NY2d 363, 366). Upon the facts of the instant case, I am compelled to conclude that sufficient evidence was adduced by the People to support a jury finding of guilt beyond a reasonable doubt and that "every reasonable hypothesis of innocence” was excluded to a moral certainty (People v Benzinger, supra, p 32; People v Cleague, supra, pp 365-366).
This case is not terribly complex and the facts pointing to guilt may be simply stated. First, there is the testimony of the prosecution witnesses that, while perhaps not rising to the level of a heated argument, there was a disagreement between the defendant and the deceased relating to narcotics dealing; this disagreement tended to establish a motive for brandishing the gun, whether or not accompanied by an intent to use it (which is not involved in this case). Secondly, there is the unequivocal statement of the deceased after he suffered the mortal wound, "My God, Peter. What did you shoot me with,” and the response of the defendant that he was "sorry” and that he "didn’t mean to do it” which justifies the inference that it was the defendant who fired the shot and brought about the fatal injuries. Strengthening this inference is the testimony of the decedent’s girlfriend, with whom he resided, that he did not own a weapon. Importantly, entitled to some weight when considered with the other evidence in the case, is the proof of defendant’s placing of the gun into his coat pocket and unexplained flight from the scene immediately after the shooting (People v Lagana, 36 NY2d 71, 74; People v Florentino, 197 NY 560, 567-568; People v Nowakowski, 221 App Div 521, 523; Richardson, Evidence [10th ed], § 167, p 135; 2 Wigmore, Evidence [3d ed], § 276, p 111). I would thus hold that there was sufficient evidence to logically support the inference that defendant caused the death of his friend, while in a mental state constituting the requisite mens rea for criminal liability (cf. Penal Law, § 15.05, subd 3; § 125.25, subd *60 2) and to exclude as a reasonable hypothesis the possibilities that the gun was discharged as a result of no act of the defendant or some degree of negligence below the culpable mental state required for homicidal liability. Considering the totality of the prosecution’s evidence the jury was entitled to find that the defendant’s guilt was established beyond a reasonable doubt for, under the facts proved here, "common human experience would lead a reasonable man, putting his mind to it, to * * * accept the inferences asserted for the established facts” (People v Wachowicz, 22 NY2d 369, 372; see, also, People v Borrero, 26 NY2d 430, 435).
I would note, finally, that the testimony relating to the drug dealings of the decedent and the alleged involvement of the defendant therein was properly admitted. The majority concedes that some such evidence was admissible to supply the basis and background for the disagreement between the defendant and the decedent over narcotics and thus this evidence was relevant to motive (People v Molineux, 168 NY 264, 294-299). It was not introduced for the sole purpose of establishing a predisposition to commit the crime charged (People v Fiore, 34 NY2d 81; People v Goldstein, 295 NY 61, 64). The testimony relating to the past smuggling of hashish into the United States by the decedent may have strayed a bit too far afield but it was also related to the nature of the discussion between the decedent and the defendant and the possible motive for a crime arising therefrom. Thus, I cannot conclude that the Trial Judge abused his discretion in admitting such testimony or that the probative value of the testimony was outweighed by its possible prejudice to the defendant (see People v McKinney, 24 NY2d 180, 184).
Chief Judge Breitel and Judges Jones, Fuchsberg and Cooke concur with Judge Wachtler; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed and the indictment dismissed.