## PEOPLE v. JONES.

(Supreme Court, Special Term, Nassau County. March, 1909.)

**1. CRIMINAL LAW (§ 938*)—NEW TRIAL—GROUNDS.**
The power of a trial court to grant a new trial is limited to the provisions of Code Cr. Proc. §§ 463, 465, that newly discovered evidence must be such as will probably change the result; must have been discovered since the trial; must be such as could not have been discovered before the trial by the exercise of due diligence; must be material to the issues; not cumulative, impeaching or contradicting.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2307; Dec. Dig. § 938.*]

**2. CRIMINAL LAW (§ 938*)—NEW TRIAL—DISCRETION.**
A motion by accused for a new trial for newly discovered evidence is addressed to the sound discretion of the court, the granting or refusal thereof involving the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end.
[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 938.*]

**3. CRIMINAL LAW (§ 941*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.**
Newly discovered evidence offered in support of a motion by accused for a new trial is cumulative, where it is of the same nature as that previously produced to establish defendant's alleged insanity.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2329; Dec. Dig. § 941.*]

**4. HOMICIDE (§ 237*)—INSANITY—EVIDENCE.**
Evidence *held* insufficient to show that accused was so deficient or perverted that he could not distinguish the character of his acts at the time he committed the homicide in question.
[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 237.*]

**5. CRIMINAL LAW (§ 456*)—OPINION EVIDENCE—INSANITY.**
Mere opinions, characterizations, and conclusions of a nonexpert witness as to the insanity of accused are incompetent.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1045; Dec. Dig. § 456.*]

William Jones was convicted of murder, and applies for a new trial for newly discovered evidence. Application denied.

Franklin A. Coles, Dist. Atty., for the People.
H. Willard Griffiths, for defendant.

GARRETSON, J. The defendant was convicted of the crime of murder in the first degree at a term of this court held in Nassau county on the 19th day of February, 1908. From the judgment upon such conviction an appeal was taken to the Court of Appeals, and on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the 5th day of January, 1909, the judgment was unanimously affirmed.   86 N. E. 810.

Upon his arraignment, the defendant offered the plea of insanity as a specification under the plea of not guilty.   There was ample testimony presented by the people under the general issue, and upon this branch of the case the jury were justified in reaching the conclusion which they did, aside from the testimony offered in defendant's behalf under the specification of insanity, which presented the only question affirmatively contested in his behalf upon the trial.   The defendant now asks for a new trial upon the ground of newly discovered evidence tending to show the insanity of the defendant at the time of the commission of the act constituting the offense of which he has been convicted.

The power of the court to grant such a motion in a proper case is limited to the provisions of the Code of Criminal Procedure, which, so far as they apply herein, are as follows:

"The court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against the defendant by which his substantial rights have been prejudiced, upon his application in the following cases:

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"Where it is made to appear by affidavit that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial is not owing to want of diligence."   Sections 463, 465.

The rule thus laid down has been further particularized as follows:

"Newly discovered evidence, in order to be sufficient, must fulfill all the following requirements:   (1) It must be such as will probably change the result if a new trial is granted.   (2) It must have been discovered since the trial.   (3) It must be such as could have not been discovered before the trial by the exercise of due diligence.   (4) It must be material to the issue.   (5) It must not be cumulative to the former issue.   And (6) it must not be merely impeaching or contradicting the former evidence."   People v. Priori, 164 N. Y. 459, 58 N. E. 668.

The motion is addressed to the sound discretion of the court, and whether it should be granted or refused involves the inquiry whether substantial justice has been done; the court having in view solely the attainment of that end.   People v. Baker, 27 App. Div. 603, 50 N. Y. Supp. 771.

Having these rules in mind, careful and painstaking consideration has been given to the record of the testimony of the former trial, and particularly to the evidence of Hannah Simpson, Sidney Johnson, Henry Powell, Garret Duryea, who, aside from Dr. Erastus B. Skinner, are the only witnesses who gave evidence in the defendant's behalf concerning his acts and speech, upon which could be predicated their personal impressions, or the opinions of the medical experts Drs. Skinner and Clark, to sustain the contention that the defendant was legally irresponsible at the time he committed the offense.   The people offered in opposition to this evidence the opinion evidence of Drs. De Lano, Wright, and Lanehart, based upon hypothetical questions founded wholly upon the testimony given in behalf of the people

in support of the indictment.   Referring to this evidence in its entirety, the Court of Appeals, in the opinion affirming the judgment, says:

"We conclude that the jury was amply justified in determining that the defendant was not insane."

A perusal of the affidavits produced upon this motion shows quite clearly and satisfactorily that the evidence which it is said the witnesses will give is cumulative of that offered in defendant's behalf on the trial in support of his defense of insanity.   It is cumulative because it is of the same nature as that previously produced to establish the alleged fact of insanity.

The proposed new witnesses are Harvey Harris, Jessie Gillis, Van Rensselaer Simpson, and Ida Thompson.

Harris says that he has known the defendant for 10 years, and has—

"noticed at certain times a peculiar and unnatural twitching of the hands and feet, and a restless and wild expression of the eyes, and distorted features of the defendant. * * * That at times he appeared dazed, and talked incoherently. * * * I have often noticed the defendant talking to himself and muttering things I could not understand."

Jessie Gillis says—she is well acquainted with defendant, and has known him for several years:

"He used blasphemous expressions. * * * Sometimes he appeared to be in a dazed condition, and he would go around the house and street talking and muttering to himself. * * * I have often heard him say he would eat up the whole family, and that he would burn the house down."

Simpson says—he is the brother-in-law of defendant, and has known him for 20 years:

" * * * I have seen him try to throw a lamp at my wife, and often he has hauled my wife out of the house into the street, where I found them when I went to see what the trouble was.  He often sat at the table pounding it with his fist and amusing himself by thumping it, and making a peculiar sound.  I often heard him say he would burn us all up, and heard him tell his father and mother to get up before he set the house on fire, as he wanted to see it burn.  He would often come home late at night and wake the whole house up by his wild yells and crazy talk.  He wanted to play ball with his brother Charlie one time with a lighted lamp.  I have seen him throw an ax at his brother Edward, and give a silly laugh as if he thought it funny."

The above quotations from the affidavits of these new witnesses are substantially all of the matters of fact which they respectively say that they can testify to, and which upon a most favorable view can be said to be at all material and of such a nature as to be admissible as evidence upon the question of defendant's insanity.  They are similar in character and quality to the evidence of the witnesses who testified at the trial, relate solely to the same alleged facts, and are clearly cumulative thereof.  To use again the language of the opinion of the Court of Appeals upon affirmance of the judgment of conviction as applied to similar evidence given on the trial:

"When we consider all of this testimony in its entirety, we conclude that the jury was amply justified in determining that the defendant was not insane.  The evidence fairly indicated, as might be expected, that he was of rather a low order of intellect, and some of it, if believed, indicated, in the absence of some hidden explanation, that he had a violent and uncontrollable

temper and disposition. But it falls far short of establishing that his mind was so deficient or so perverted that he could not distinguish and appreciate the character of the acts which he was performing at the time of the homicide."

Practically all of the remainder of the statements of these witnesses as set forth in their affidavits, and the whole of the affidavit of Ida Thompson, consist of opinions, characterizations, conclusions, and indefinite assertions of the same quality and kind as that offered on the trial, and which were excluded under objection because incompetent. Most of the authorities cited by the counsel for the defendant in support of the motion are without application, because they were civil actions, in which such motions are not restricted by statutory provisions.

I am of the opinion that it has not been made to appear by the affidavits submitted that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict.

The counsel for the people urges with some force that the failure to produce on the trial the evidence now offered is owing to a want of diligence on the part of the defendant and those having charge of his interests, but it is unnecessary to pass upon this point, as I am satisfied that, for the reasons above set forth, the motion should be denied.

In the order to show cause upon which this motion was brought to a hearing, a comprehensive stay of the execution of the judgment and of all other proceedings in the action was granted, and is still in force, at least nominally. The order to be entered hereon will contain a provision vacating the same.

Motion denied, and stay vacated.