THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FELIX JOHN CUMMINGS and GEORGE LEWIS, Defendants.

County Court, Kings County, July 26, 1938.

*William F. X. Geoghan, District Attorney [Edward H. Levine, Assistant District Attorney, of counsel], for the plaintiff.*

*George Gordon Battle, for the defendant George Lewis.*

BRANCATO, J.   The defendants Felix John Cummings and George Lewis were convicted of first degree murder for the killing of one Ralph Nischo at about three o'clock in the morning of January 7, 1936.   The deceased was shot and killed by Lewis while both defendants were engaged in the commission of a felony, to wit, a robbery in a bar and grill known as Leo's Tavern.   This case has been twice tried, each time resulting in the conviction of both defendants as charged in the indictment.   At each trial Cummings interposed intoxication as a defense while Lewis pleaded the defense of " alibi " at the first trial.   In the present trial, however, he abandoned the alibi defense and rested on the People's case, refusing to testify himself or to call any witnesses in his behalf.   The Court of Appeals has unanimously affirmed the judgment of conviction of the two defendants (278 N. Y. 626) and now Lewis makes the present motion for a new trial upon the grounds of newly-discovered evidence as alleged in the supporting affidavits of Anthony DeSero and Frank Basile which state substantially that between the hours of two and two-thirty on the morning of January seventh the defendant Lewis was decidedly intoxicated.

The authority for this application is to be found in subdivision 7 of section 465 of the Code of Criminal Procedure, which reads as follows: " Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence."

An examination of the record before this court on this motion evidences a complete failure on the part of Lewis to comply with the conditions prescribed by the statute above quoted. The belated discovery after two trials of defendant's alleged intoxication shortly before he shot and killed the deceased, Nischo, averred in the moving affidavits, does not constitute newly-discovered evidence as contemplated within the purview of the terms of said statute. If Lewis was intoxicated in the early morning of January seventh, no one was better qualified to know it at the time of the trial or more competent to testify concerning the facts than Lewis himself. A witness was available in court. DeSero, whose supporting affidavit is submitted on this motion and who was also defendant's witness in the first trial, avers that " he was requested to attend the second trial but on arriving in Court he was not called as a witness." Lewis obviously elected to stand on his constitutional rights and remain mute, preferring not to interpose the defense of intoxication nor to submit evidence to raise that issue. He cannot now be relieved of the consequences of his unwise choice through the medium of subdivision 7 of section 465 of the Code of Criminal Procedure. Newly-discovered evidence, to justify the granting of a new trial under the provisions of this statute, presupposes the discovery *after* trial of evidence which could not have been discovered *before* trial by the use of due diligence and that the failure to produce it *on the trial* was not owing to want of diligence. (*People* v. *Priori*, 164 N. Y. 459; *People* v. *Jones*, 115 N. Y. Supp. 800; affd., 194 N. Y. 83; *People* v. *Moore*, 29 Misc. 574; affd., 168 N. Y. 593; *People* v. *Gambacorta*, 197 id. 181.)

But assuming even that the evidence of Lewis' intoxication as alleged in the moving affidavits had been submitted to the jury at the trial, there is no probable cause for holding that the verdict of the trial jury would have been any different. The issue of intoxication was raised by the defendant Cummings who testified and called witnesses to support this issue. He was twice convicted. The defendant Lewis testified in the first trial and gave evidence in support of his alibi defense which negatives any suggestion that he was intoxicated about two-thirty A. M. of January seventh. On the contrary, his direct testimony impels the conclusion that

he was at that time possessed of a clear and alert mind. He remembered and accurately detailed the several places he had visited during the period of five or six hours before the alleged murder, stating where the places were located, how he got there, whom he saw, with whom he spoke, what was said, why he went, what time he arrived and when he left. He testified that he left Weinberg's Restaurant at "26 or 27 minutes after two" A. M. He knew the time because he looked at the clock there before leaving. He later went to Frank's Bar and Grill where he stayed until "10 minutes to three," a few minutes before the robbery and murder in question. He got home between three-thirty and four o'clock, had some coffee and cake, and went to bed. He walked straight, his mother testified, and did not stagger. In Frank's Bar and Grill he was sober. He was asked by his counsel on direct examination: "Q. How long were you in that place? A. I was in there until ten minutes of three. Q. Ten minutes of three? A. Ten minutes of three. Q. Up to this time had you been drinking anything? A. No, sir; not as far as this. Q. When you got to this place did you have drink? A. Yes, one beer, short beer. Q. Did you have any whiskey at all in that place? A. No, sir. Q. You had not had any whiskey before this? A. I don't indulge in whiskey. Q. Don't drink whiskey, only beer? A. Beer once in a while. Q. You stayed in this place for some little time, did you, talking with these people? A. Yes; the bartender."

Under these circumstances it seems perfectly obvious that Lewis' own testimony negatives his present claim of intoxication and is rather of probative value for the contention of the prosecution that he was sober when he committed the crime charged. It would be almost foolhardy to assume now that on this record the jury which disregarded the claim of intoxication and convicted Cummings, the accomplice, would have rendered a different verdict for the actual killer.

In conclusion, it seems that the defendant Lewis has been experimenting as to which defense would be most advantageous for him. First he tried the defense of alibi, then he chose to remain silent and now he proposes intoxication. To these strategic moves of the defendant we may appropriately apply what was said by the late lamented Justice CARDOZO, who, writing the opinion of the court in the case of *People* v. *Schmidt* (216 N. Y. 324, 329), very aptly stated that "A criminal may not experiment with one defense, and then when it fails him, invoke the aid of the law which he has flouted, to experiment with another defense, held in reserve for that emergency. It would be strange if any system of law were thus to invite contempt of its authority."

Motion denied. Submit order.