THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS BERGMAN, Defendant.

County Court, Kings County, August 7, 1939.

*William F. X. Geoghan, District Attorney [Charles Cohen* of counsel], for the plaintiff.

*Edward Lenthol,* for the defendant.

BRANCATO, J. The argument advanced on this motion for a new trial that the death of the official court stenographer who recorded the minutes of the trial, has impaired the defendant's rights on appeal, there being no one now who can transcribe the stenographic notes, cannot be urged by the defendant for the reason that he is not an appellant and, although judgment of conviction was pronounced against him by this court on December 5, 1938, he has not yet appealed from the said judgment and is now precluded by the provisions of section 521 of the Code of Criminal Procedure.

The further contention of the defendant that the death of the said official stenographer deprives him of the right to use the said stenographic notes on this motion is, likewise, without merit.

However useful and even sometimes desirable stenographic notes of a trial might be on a motion for a new trial pursuant to the provisions of subdivision 7 of section 465 of the Code of Criminal Procedure, they are neither mandatory nor indispensable.

The belated newly-discovered evidence alleged in three affidavits of defendant's sister and two friends submitted in support of this motion, fail to comply with the requirements of said subdivision 7 of section 465 of the Code of Criminal Procedure. Such evidence is not new to the defendant nor does it appear that by due diligence it could not have been ascertained before trial. No one is better qualified to know whether he was drunk at or about the time he is said to have committed a crime charged than the defendant himself and it does seem difficult to understand how he could have failed to interpose the defense of intoxication at his trial if such defense was genuine and not an afterthought. (*People* v. *Cummings*, 168 Misc. 858.)

Motion denied.