THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. EDMUND SILEO, Defendant.

County Court, Kings County, January 13, 1943.

*Leo Healy* for defendant.

*Thomas Cradock Hughes, Acting District Attorney (Henry J. Walsh* of counsel), for plaintiff.

BRANCATO, J. The defendant, Edmund Sileo, was convicted of the crime of murder in the first degree by the verdict of a jury in this court on January 29, 1942. The judgment of conviction was unanimously affirmed by the Court of Appeals. (See 289 N. Y.725.) He now moves for a new trial on the ground of newly-discovered evidence.

The affidavit of James Sica, upon which the defendant mainly bases this application, is bereft of facts sufficient to support any claim of self-defense, which defense the accused proposes to offer at a retrial. Sica does not state that he saw the weapon at any time in the hands or on the person of either victim of the double murder in question. The truth is that none was found on them after the shooting. Sica is conjecturing. He *thought* the deceased had guns on their persons because he knew that they usually went about armed, although he also asserts that they had no guns when they held him up shortly before the shooting and that they had fooled him. The moving affidavit is very anemic if intended to establish self-defense for the killing of defendant's two victims.

The record before the court indicates conclusively that the proposed evidence intended to establish self-defense on a retrial is not newly discovered, but was available to the defendant before and also during his first trial, and could have been produced by the exercise of due diligence. In fact, the inference is not unreasonable that defendant's failure to produce Sica was intentional lest the testimony now proposed to establish self-defense might have interfered with the theory which the defendant preferred to adopt in his trial, to wit, that some unknown person, not the defendant, committed the double murder of which he now stands convicted. Sica and the defendant were intimates of several years' standing. Sica had refused to give the police and the District Attorney any information regarding the murder. When the defendant shot his two victims, Sica was but a few feet away from the defendant. He was standing beside one of the said victims. There was no one else in that part of the bar and grill where the shooting occurred except the two victims and Sica at the end of the bar. The defendant unquestionably saw Sica at the time. Sica was at all times available and amenable to process. The defendant cannot, therefore, be relieved of the consequences of his failure to use

due diligence in the premises. (Code Crim. Pro., § 465, subd. 7; *People* v. *Cummings,* 168 Misc. 858.)

Furthermore, it is not the policy of law to permit strategic experimentation with defenses. No one knew better than the defendant himself if he shot the deceased in self-defense. He did not choose to avail himself of this defense, for some reason best known to himself. He cannot now be heard to bemoan his failure in his strategic move. " A criminal may not experiment with one defense, and then when it fails him, invoke the aid of the law which he has flouted, to experiment with another defense. held in reserve for that emergency. It would be strange if any system of law were thus to invite contempt of its authority." (*People* v. *Schmidt,* 216 N. Y. 324, 329.)

For the foregoing reasons, a motion for a new trial is hereby denied.

Submit order forthwith.