In the Matter of JAMES J. CARR, Petitioner, against JAMES G. WALLACE, Individually and as a Judge of the Court of General Sessions of the County of New York, Respondent.

Supreme Court, Special Term, New York County, February 6, 1945.

*James J. Carr,* petitioner in person.

*Frank S. Hogan, District Attorney* (*Edward T. Perry* of counsel), for respondent.

McLaughlin, J. The petitioner seeks an order under article 78 of the Civil Practice Act, to compel a judge of the Court of General Sessions to resentence the petitioner.

He was indicted on February 25th for robbery in the first degree. On February 26, 1925, he pleaded guilty to robbery in the second degree, and received an indeterminate sentence from seven years and six months to fifteen years in State prison. Upon his plea, the petitioner denied that he had ever been previously convicted of a crime. The fact is that he had been twice convicted prior to 1925, and one of the crimes consisted of larceny of property in excess of $100 committed in the State of New Jersey in 1922.

On September 27, 1930, he was paroled, and on September 10, 1932, he was returned to prison for violation of his parole. On June 13, 1933, he was reparoled; and on June 13, 1934, he was convicted in Pennsylvania of the crime of rape and sentenced to the penitentiary for a term of seven and one-half to fifteen years. Upon release, he was returned to New York on December 15, 1941, and is now confined to State prison as a parole violator and under the ruling of the State Parole Board, he will be imprisoned there until March, 1948.

In accordance with the decision on a writ of habeas corpus obtained in Westchester County, the petitioner was remanded to the Court of General Sessions for resentencing. On June 11, 1942, he appeared for resentence, and it was then disclosed by the petitioner that he had had these two convictions prior to 1925. He also admitted that he purposely concealed them, and, with the permission of the court he withdrew his motion for resentence, when it was indicated by the court that the motion would be denied.

One of the questions to be determined by this court is whether a defendant can mislead the court and profit by his fraud by subsequently obtaining a resentence which will diminish the remaining time he has to serve for his crime. At the time he

misled the court he believed it was more advantageous for him to establish that he was entitled to be sentenced as a first offender. He obtained such a sentence from the court. Now, after again committing a crime, he wants to be placed where he was in 1925, and obtain a determinate sentence which, under the law, has now expired.

He cannot lie to the court so as to obtain a lesser sentence, and then subsequently, when events show that such sentence is longer, due to the defendant's criminal acts, obtain a new sentence. He cannot be permitted to obtain any such advantage as the result of the fraud practiced upon the court by him. (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *People* v. *Schmidt,* 216 N. Y. 324; *People* v. *Moore,* 29 Misc. 574, affd. 53 App. Div. 637, affd. 168 N. Y. 593; *People* v. *Cummings,* 168 Misc. 858; *State* v. *Boyd,* 117 Neb. 320).

Aside from this, this defendant cannot have the benefit of the extraordinary remedy of mandamus where he himself has made it impossible for the Court of General Sessions to pass upon his application. He withdrew his application when the court was ready at that time to pass upon it and, therefore, the extraordinary remedy should not be given him by this court.

Moreover, it would appear that, assuming his contention to be correct that his application was in effect denied at that time, this remedy of mandamus cannot be availed of by him. Under section 1286 of the Civil Practice Act*, two years is the longest time after the disposition of a motion to resentence, in which a successful application for mandamus can lie. The dates herein show that the motion was disposed of on June 11, 1942, when he withdrew it. No other proceeding was commenced by the petitioner until September, 1944, at which time he erroneously filed his moving papers with the Court of General Sessions, or until November of that year, when the papers were filed in this court. Therefore he is barred by the Statute of Limitations.

Under the circumstances, the application of the petitioner is in all respects denied.

---

* Providing that a proceeding to compel performance of a duty specifically enjoined by law must be instituted, after respondent's refusal upon petitioner's demand, within four months; or with the court's permission, within two years, where petitioner was imprisoned under sentence for a term less than life.— [Rep.