THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROLLINS SKEETE, Defendant.

County Court, Kings County, August 6, 1954.

*Edward H. Freiberger* for defendant.

*Edward S. Silver, District Attorney (William I. Seigel* of counsel), for plaintiff.

BARSHAY, J. This is a motion for an order granting a new trial upon the ground of newly discovered evidence, pursuant to subdivision 7 of section 465 of the Code of Criminal Procedure.

The judgment of conviction, sentencing the defendant to the New York City Penitentiary, was duly entered on the 29th of March, 1954, after a verdict of a jury, finding the defendant guilty of assault in the second degree and maiming. There was no appeal from the judgment of conviction.

On the trial, one of the principal witnesses against the defendant was Gertrude Hall who lived with the complainant, Charles W. Corbin, " in common-law " relationship, at the premises wherein the assault and maiming took place. The defendant was the landlord of those premises. She testified that following an altercation between Corbin and the defendant concerning the physical condition of the premises, the defendant threw lye into Corbin's face, as a result of which, he became permanently blind. She further testified that she was burnt on the head, right arm and shoulder. There was no medical proof as to the nature, extent or treatment of her injuries.

Thereafter, Charles W. Corbin and Gertrude Hall brought an action for personal injuries arising out of the assault and maiming. The action was tried before the Hon. THOMAS E. MORRISSEY on the 22d and 23d of April, 1954. On that trial, the said Gertrude Hall reiterated her testimony in the criminal trial concerning the assault and added that she received the care, attention

and treatment of a physician for her injuries. Her cross-examination elicited that the doctor from whom she allegedly received such treatment was one Stanley C. Redmond, whom she claims she visited on three different occasions, paying him a fee of $25 for his services. The defendant then called Dr. Redmond, who swore that he had never treated Mrs. Hall for any injuries whatever. In that testimony, he was supported by his nurse, Enid Harden. Mr. Justice MORRISSEY dismissed the complaint, quite obviously, by reason of this conflict in testimony. In doing so, he wrote: "This is an action in assault brought by the plaintiffs, Charles W. Corbin and Gertrude Hall, against the defendant, Rollin Skeete. The proof establishes that the plaintiffs have failed to sustain their causes of action by a fair preponderance of the credible evidence. The court does not credit the testimony of the plaintiff, Charles W. Corbin, as to the manner in which the assault occurred. Further, the court does not believe the testimony of the plaintiff, Gertrude Hall, that the defendant maliciously and violently assaulted the plaintiffs by the throwing of a solution containing lye at the plaintiffs, blinding the plaintiff, Charles W. Corbin, and burning the plaintiff, Gertrude Hall, about her face and head, making her ill. The credibility of Gertrude Hall was severely shaken when she stated that she visited Dr. Stanley Gladstone Redmond to be treated for injuries which she claims she sustained as a result of the assault. In this regard, the court believes the testimony of Dr. Redmond that Gertrude Hall was never treated by him at any time. This evidence is substantiated by Enid Harden, a registered nurse, employed by Dr. Redmond. Accordingly, since the plaintiffs have failed to establish their causes of action by a fair preponderance of the credible evidence, I find that the defendant, Rollin Skeete, is entitled to judgment dismissing the complaint."

From the affidavits before me, it does not appear the Trial Justice was aware of the fact that the same Dr. Redmond who testified as aforesaid, gave good character testimony for this defendant, in the criminal trial. I do not mean to infer by that, that had Mr. Justice MORRISSEY known that fact, he would have decided otherwise.

It is the conflict in testimony between Dr. Redmond and Mrs. Hall in the Supreme Court, which is the basis of the motion in this court. It is claimed that the newly discovered evidence is the finding of Mr. Justice MORRISSEY that "Mrs. Gertrude Hall's testimony was not to be credited". The defendant seeks to infer from that finding, that in the criminal trial, she likewise testified falsely and that "it is a certainty that the jury's ver-

dict in the criminal prosecution would have been different if they had known that Mrs. Hall was the perjurer that Mr. Justice Morrissey found her to be."

The power to grant a new trial upon the ground of newly discovered evidence is purely statutory and can only be exercised in strict compliance with the statute. (*People* v. *Eng Hing,* 212 N. Y. 373; *People* v. *Priori,* 164 N. Y. 459.) The statute itself provides that newly discovered evidence, to serve as an adequate basis for a new trial, must be " such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence." This statutory provision was construed in *People* v. *Priori* (*supra,* p. 472), where the court said: " Newly-discovered evidence in order to be sufficient must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and 6. It must not be merely impeaching or contradicting the former evidence."

Assuming that five of the aforesaid tests have been met by defendant's affidavit the alleged " new evidence " does not meet the requirement of the sixth test. The testimony in the criminal trial created a simple issue of fact which the jury was called upon to decide. It was not deemed necessary, either by the prosecution or the defense, to adduce testimony concerning the treatment of Mrs. Hall's injuries by any physician. In the civil suit, it did become necessary to adduce such testimony. The testimony she gave in the Supreme Court concerning her treatment by Dr. Redmond in no way contradicts the testimony which she gave in the criminal prosecution where she made no such claim. Evidence which tends to impeach or contradict testimony produced upon the trial, is not newly discovered evidence. *People* v. *Eng Hing* (*supra,* pp. 392–393), wherein the court said: " The whole proceeding, from beginning to end, was simply an effort to impeach the witnesses Florence Wong and Grace Mack; and that, as we have seen, is not a sufficient reason for granting a new trial on the ground of newly-discovered evidence, even where the impeachment is successful."

The motion is therefore denied in all respects.