Hyman Baeshay, J.
The defendant moves to vacate a judgment of conviction dated April 29, 1957 and for a new trial on the ground of newly discovered evidence pursuant to subdivision 7 of section 465 of the Code of Criminal Procedure. He was convicted of endangering the health or life of a child and on the afore-mentioned date, was sentenced to a term of one year in the New York City Penitentiary. The section under which the defendant moves provides: “ Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed.” At a hearing held on consent of the District Attorney, it was elicited that the affiant, Helen Camberdella, whose evidence it is claimed is newly discovered, was often visited by the complainant, George Pulaski, and the corroborating witness, Richard Matchrzak, each 11 years of age; that George Pulaski told her he was charging the defendant "with an act committed on him by the defendant, not because it was true, but because he wanted to get some money from the defendant ; that she had seen written, in chalk, on the defendant’s store window, the words, ‘ ‘ Give me $500.00 and I will drop the case ’ ’; that George Pulaski told her he wrote that on the window; that she talked to an investigator for the defendant’s counsel but did not reveal these facts to him or to anyone else before the trial, because she feared that they would hurt her children.
On the trial, both boys were cross-examined on this subject and made complete denials of these material facts. They were *603 the only witnesses to the alleged act of the defendant. Her testimony would have been of great importance. The complainant was unsworn, the corroborating witness was sworn.
The power to grant a new trial upon the ground of newly discovered evidence is purely statutory and must be exercised in strict compliance with the statute (People v. Hing, 212 N. Y. 373; People v. Priori, 164 N. Y. 459). The statute itself provides that newly discovered evidence, to serve as an adequate basis for a new trial, must be ‘‘ such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence.” This statutory provision was construed in People v. Priori (supra, p. 472), where the court said: “ ‘ Newly discovered evidence in order to be sufficient must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and 6. It must not be merely impeaching or contradicting the former evidence. ’ ”
The court is of the opinion that the facts set forth in the affidavit and adduced at the hearing, might have changed the result of the trial and, therefore, warrant the granting of this motion. The judgment of conviction dated April 29, 1957 is vacated and set aside and a new trial is granted. Submit order.