Frank X. Altimari, J.
The defendant herein has been convicted, after a jury trial, of the crimes of rape in the first degree, robbery in the first degree, sexual abuse in the first degree, and grand larceny in the third degree.
Prior to the jury selection, a hearing was held to determine the legality of a lineup identification which occurred before an accusatory instrument was filed. At the conclusion of the hearing this court held that the lineup identification procedure did not violate the defendant’s constitutional rights and that the defendant knowingly and intelligently expressly waived his right to have an attorney present during the conduct of the lineup.
Before sentencing, the defendant moved to set aside the jury verdict or, in the alternative, requested that a hearing be held pursuant to subdivisions 1 and 3 of CPL 330.30.
The thrust of the application herein is that the defendant claims that the written express waiver of counsel was invalid. The defendant, through his attorney, alleges that prior to the lineup he requested a polygraph examination. The defendant further alleges that the detective said that a lie detector test would-be given after the lineup. After the lineup, according to the defendant, the defendant again requested the lie detector test and was allegedly told that since he was identified there was no reason for the examination. Defendant now argues, that the giving of the lie detector test after the lineup was a condition precedent to the signing of the written waiver of counsel.
Consequently, since the lineup identification was held valid, this court admitted into evidence testimony of the lineup identification (CPL 60.30). Therefore, the defendant argues that the lineup procedure should now be declared to be invalid and, as a result, the testimony of the lineup identification was admitted into evidence erroneously at the trial. (See Gilbert v. California, 388 U. S. 263.)
CPL 330.30 provides in part: “At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict * * * upon the following grounds:
“ 1. Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.”
The basis of relief claimed by the defendant was neither raised during the pretrial identification hearing nor during trial. Although defense counsel attempted to elicit testimony during *579 the trial with respect to defendant’s alleged request for a lie detector test, this court, in its opinion, properly sustained an objection to the line of questioning. There were two reasons for such action. Evidence which pertains to lie detector tests is inadmissible. (People v. Leone, 25 N Y 2d 511.) Furthermore, evidence of a written waiver of counsel for the conduct of a lineup is not a question for a jury. Judge Sobel stated in an article contained in the Brooklyn Law Review (38 Brooklyn L. Rev. 261, 322), “ The jury is not concerned with whether the sixth amendment right to counsel or due process has been violated. These are preliminary issues of fact conditioning the admissibility as a matter of law of the identification evidence. As such these are solely for the suppression hearing judge.”
Based upon the foregoing discussion of the law and facts this court concludes that the defendant’s claim should have been brought to the court’s attention at the pretrial identification hearing and not after the jury returned its verdict.
Furthermore, the defendant’s application is based upon allegedly newly discovered evidence. Defense counsel stated in his affidavit in support of the motion that the defendant told him for the first time during trial of the alleged conversation concerning the polygraph examination. The affidavits submitted in support of the motion clearly reflect that the defendant knew of the alleged conversation prior to the conduct of the lineup, prior to the hearing, and during trial. Thus the claim herein does not provide a basis for relief. (People v. Washington, 38 A D 2d 189; People v. Henderson, 28 A D 2d 1145; People v. Priori, 164 N. Y. 459.) The defendant should have raised the issue concerning the lie detector test during the cross-examination of the detective at the pretrial hearing. However, defendant did not do so.
Assuming arguendo, that this court believed that the defendant requested a lie detector examination, such testimony would only have created an issue of the credibility of the detective’s testimony at the identification hearing. Therefore, since the proffered proof only tends to impeach or discredit the detective’s testimony (with respect to the issue of the validity of the waiver of counsel), defendant’s motion should be and is denied. (People v. Williams, 35 A D 2d 1023; CPL 330.30, subd. 1.)
In United States v. Wade (388 U. S. 218) and Gilbert v. California (388 U. S. 263) the Supreme Court of the United States declared that a post-indictment pretrial lineup is a critical stage of a criminal prosecution and as such, conduct of such lineup without notice to and in the absence of counsel denied *580 an accused Ms Sixth Amendment right to counsel. The court, therefore, held that under such circumstance no in-court identification was admissible in evidence if the post-indictment lineup was the source of the in-court identification. In Kirby v. Illinois (406 U. S. 682), decided June 7, 1972, the Supreme Court was asked to extend the Wade-Gilbert rule to identification testimony based upon a police station showup which occurred before the defendant had been indicted or otherwise formally charged with any criminal offense.
The Supreme Court declined to extend the Wade-Gilbert doctrine. As a result it is constitutionally permissible to conduct a lineup or showup before indictment or before the filing of any other accusatory instrument without notification to counsel and in the absence of counsel. (Kirby v. Illinois, supra.) The court stated that the decisions of Miranda v. Arizona (384 U. S. 436), and Escobedo v. Illinois (378 U. S. 478), did not intend to extend the Sixth Amendment right to counsel. Instead, according to the plurality in Kirby, the primary purpose of Miranda and Escobedo was “ to guarantee full effectuation of the privilege against self-incrimination. ” (Johnson v. New Jersey, 384 U. S. 719, 729). Consequently, the court has now declared that the Sixth Amendment right to counsel applies only after the formal commencement of a criminal prosecution rather than when custody or detention commences. (Cf. Miranda v. Arizona, supra, with Kirby v. Illinois, supra.)
Although Hew York appellate court decisions have applied the Wade-Gilbert rule to pre-indictment lineups or showups (see People v. Harrington, 29 N Y 2d 498, dissenting opn.; People v. Oakley, 28 N Y 2d 309; People v. Rahming, 26 N Y 2d 411; People v. Richardson, 36 A D 2d 25) the courts which rendered the decisions have not discussed the issue. (See 38 Brooklyn L. Rev., supra, p. 274.)
If, in fact, the cited Hew York decisions did intend to extend the Wade-Gilbert rule to pre-accusatory instrument cases, then those decisions must be re-evaluated in the light of the Kirby decision (supra).
TMs court takes judicial notice that in the instant case, the lineup was conducted before any accusatory instrument was filed (CPL 1.20, subd. 1) or before the defendant was formally charged with any criminal offense (CPL 1.20, subds. 16, 17). Therefore, in view of the Kirby decision (supra) this court concludes that the defendant was not entitled to the right to counsel at the lineup which was held.
*581 Even if this court agreed with the defendant’s contention, it would conclude that the in-court identification by the complainant was independently arrived at and was not tainted by the earlier lineup identification. (See People v. Carter, 30 N Y 2d 279.)
Based upon the foregoing discussion of the law and facts, it is ordered that the defendant’s motion is denied in all respects.