■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST WELCOME, Appellant.— Order, Supreme Court, Bronx County, rendered on November 7, 1973, affirmed. Concur — McGivern, P. J., Markewich and

Macken, JJ.; Nunez, J., dissents in a memorandum as follows: I would reverse and grant the motion to set aside the verdict on the grounds of newly discovered evidence to the extent of remanding the matter for a hearing. Convicted of murder after trial, Ernest Welcome is serving a sentence of 25 years to life. Defendant steadfastly asserted his innocence, asked for a polygraph test which was denied, and presented an alibi defense supported by three witnesses who stated that at the time the crime was committed he was at his mother's house. The People called one Vincent Turner, who at the time was facing five separate robbery charges. He testified that about two weeks after the commission of the crime he met Welcome in a pool hall. Welcome asked him if he heard what happened in the Bronx. Turner replied no, and Welcome stated "them two studs that I burnt." Turner has now recanted. He states that he perjured himself when he testified that appellant told him about the two studs that he had "burnt". Turner's testimony aside, the case against appellant is weak and unpersuasive. The only other evidence connecting appellant to the crime is the identification of Ms. Laccorn and Ms. Marcell. These two witnesses did not agree as to what Welcome was wearing at the time of the crime. Laccorn, the only eyewitness against defendant, could not describe Welcome to a detective a few hours after the crime and did not select his photo from a group displayed to her. She said she had just "got a glimpse of" defendant. Marcell said she bumped into Welcome on the street in front of the premises where the crime had been committed. In direct opposition to Ms. Laccorn, she testified that defendant had been wearing a hat and a solid dark coat and when asked to identify defendant in court, she first pointed to a codefendant. In *Giglio* v. *United States* (405 U. S. 150, 154) the Supreme Court said: " A new trial is required if ' the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury ' ". (See, also, *People* v. *Priori*, 164 N. Y. 459.) Defendant has met all the requirements of CPL 440.10 (subd. 1, par. [g]) entitling him to a hearing. If it is found that Turner, a key witness for the People, perjured himself at trial, it may very well follow that he is entitled to a new trial.