■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN G. SCHULZ, Appellant. [774 NYS2d 165]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered November 1, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, (2), by permission, from an order of the same court, dated September 5, 2000, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction, and (3), by permission, from an order of the same court dated February 10, 2003, which denied, without a hearing, his motion pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction.

Ordered that the judgment and the orders are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly precluded the defendant from introducing evidence of third-party culpability at trial, since the proffered evidence was lacking in any probative value (*see People v Primo,* 96 NY2d 351 [2001]).

The Supreme Court also properly denied the defendant's motions to vacate the judgment of conviction on the grounds of ineffective assistance of counsel pursuant to CPL 440.10 and "newly discovered evidence" pursuant to CPL 440.10 (1) (g). As set forth above, the Supreme Court properly precluded the defendant from introducing evidence of third-party culpability at the trial. Consequently, trial counsel was not ineffective for failure to persuade the trial court to admit such evidence at the trial.

Moreover, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPL 440.10 (1) (g) without a hearing. That motion was based primarily upon the posttrial identification by one of the eyewitnesses of a third-party as the "true" perpetrator. Contrary to the defendant's contention, this did not constitute newly discovered evidence (*see People v Salemi,* 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Priori,* 164 NY 459, 472 [1900]). We reject the defendant's claim that this evidence could not have been procured with due diligence at the time of the trial, since the eyewitness in question testified at the trial (*see People v Salemi, supra*).

The defendant's remaining contentions are without merit. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.